Davis vs. The State of Georgia.

No. 22.—Joseph Davis, plaintiff in error, *vs.* The State of Georgia, defendant in error.

An indictment against a person for playing and betting at cards, ought to state enough to show whether the person with whom the playing and betting was done, was a white person or a negro.

Indictment for playing and betting at cards, from Cherokee Superior Court. Tried before Judge Brown, at February Term, 1857.

The testimony having closed, defendant's counsel demurred to the indictment, and moved for a verdict of acquittal of the defendant, on the ground that said indictment in one and

the only count in the same, charged nine different and distinct offences, to-wit: playing and betting for money and other things of value at a game of faro, loo, bragg, bluff, three up, seven up, poker, vingtun, eucher, and other games played at cards; and on the further ground, that said indictment did not charge or allege how, in what manner, or *with whom* the defendant did play and bet:—the defendant being the only person indicted, and it being no where charged or alleged that defendant played and bet with any person, and that he could not commit the offence by himself.

The Court overruled the demurrer, and refused the motion; and defendant's counsel excepted.

The jury found the defendant guilty. Defendant moved to set aside the verdict and for a new trial, upon the ground above taken, which motion the Court overruled, and refused, and thereupon defendant tenders his bill of exceptions.

WORD; IRWIN & LESTER, for plaintiff in error.

SOL. GENERAL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The first ground of the demurrer was abandoned in deference to the decision in *Wingard and Ham vs. the State*, in 13 *Geo. Rep.*, 396. See also, a similar case, decided at *Macon, January Term*, 1857.

The indictment did not state who it was with whom the accused played and bet. This was the second ground of the demurrer, and this, we think, was a good ground. There is a statute which prohibits playing and betting at cards with negroes, as well as a statute which prohibits playing and betting at cards with white persons, and the punishment under the former statute may be much more severe than it can be under the latter. *Cobb Dig.* 820, 837. Which of these statutes was it that the indictment intended to say had been violated? It is impossible to tell. The charge will fit eith-

er, and therefore, a verdict of guilty would sustain a sentence founded on either.

We think, that an indictment that is so uncertain, as to expose the accused to such a danger as this, is too uncertain to be good. And consequently, we hold that the Court below erred in not sustaining the demurrer.

Judgment reversed.