JOHN W. WHEELER, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] On the trial of W. the sayings of H. were given in evidence against W. Afterwards the Court ruled out all of the sayings, except those uttered in the presence of W.. but did not specify which were those that were uttered in his presence, and which were those that were uttered not in his presence. No complaint was made of the failure to do this, until after verdict.

*Held,* That the failure to do it, was not a good ground for a new trial.

[2.] The admission of illegal testimony, is not a ground to justify *this* Court in granting a new trial, if that testimony was unimportant, and if no motion for a new trial was made in the Court *below.*

Indictment for negro stealing, in Monroe Superior Court. Tried before Judge POWERS, at March Term, 1857.

Anderson Hudgins, John W. Wheeler and Alfred Hudgins

Wheeler vs. The State.

were indicted for stealing a negro fellow, named Ned, the property of John D. McCowen.

John W. Wheeler was, at March Term, 1857, put upon his trial, and pleaded not guilty.

The jury, under the evidence and charge of the Court, found the prisoner guilty.

Counsel for the prisoner thereupon tenders his bill of exceptions, and therein assigns the following errors, to-wit:

1st. Because the Court erred in admitting the testimony of Floyd McAlpin, proving the sayings of Anderson Hudgins.

2d. Because the Court erred in admitting the testimony of John G. Snead, proving the sayings of Anderson Hudgins.

3d. Because the Court erred in admitting the testimony of Solomon Pruitt, proving the sayings of Anderson Hudgins.

4th. That the Court erred in permitting the sayings of the negro to be proved by Harvey Wheeler.

5th. That the Court erred in permitting the sayings of the negro to be proven by Thomas Martin.

6th. That the Court erred in permitting the sayings of the negro to be proven by Daniel Wheeler.

7th. That the Court erred in refusing to permit defendant to prove by the witness, Dickey W. Collier, that John D. McCowen, a witness for the State and owner of the negro, told him three or four days after the negro ran away, in the road, not far from said McCowen's house, that he, McCowen, had whipped the negro and he ran away.

8th. That the Court erred in refusing to allow defendant to prove by D. W. Collier that the negro was whipped severely by John D. McCowen, early Monday morning, between daylight and breakfast, on the week he left.

9th. That the Court erred in refusing to charge the jury as requested by prisoner's counsel.

10th. That the Court erred in charging the jury, that the reasons assigned in the request of prisoner's counsel, did not apply to such a case as this, but to cases where the party

21

making the confessions, is *under arrest* at the time they are made.

TRIPPE, for plaintiff in error.

HAMMOND & SON; and PEEPLES, *contra.*

*By the Court*—BENNING, J. delivering the opinion.

Wheeler, the plaintiff in error, Anderson Hudgins, and Lumpkin Pruett, were all arrested for the offence, for which Wheeler was tried, and were all, at the same time, brought down the railroad, in irons, to Forsyth. Whilst on the way, Anderson Hudgins had conversations in the cars, with persons, in reference to the offence. What he said in these conversations, was admitted in evidence by the Court. Afterwards, the Court ruled out all of it, except so much as was said in the presence of Wheeler. In *doing this,* however, the Court failed to specify which was the part of the sayings spoken in the presence of Wheeler, and which was the part not spoken in his presence. And it is the failure to make this specification, on which rests, the first, second, and third grounds, contained in the bill of exceptions.

Was there any error in the failure, to make this specification. None, as far as we can see. It does not appear, that the Court was asked to make it, or, that the case was such, that the jury could not tell for themselves, which of the sayings were uttered in the presence of Wheeler, and which were not.

Besides, if the case was such, that there was a doubt on the point, was not that a doubt for the jury? I am not clear myself, that it was the province of the Court to make this. separation.

At all events, Wheeler, so far as appears, accepted the decision when made, and did not complain of it, till after the verdict. It was a decision which, as it stood, might work for

him as well as against him.   As it stood, his counsel were at liberty to contend before the jury, that it was such as to exclude *all* the sayings of Anderson Hudgins; for, it is matter of inference, judging by the testimony as that was taken down, whether *any* of the sayings were uttered in the presence of Wheeler.

[1.] We cannot see, therefore, that Wheeler has any right to complain of the decision.

This disposes of the *first three* grounds taken in the bill of exceptions.

The sayings of the negro were, it is true, not legal evidence, but then, they were such as to add little, or nothing, to the legal testimony that existed against Wheeler; and that was amply sufficient to show his guilt.

No motion for a new trial was made.

[2.] We think, then, that the *fourth, fifth* and *sixth* grounds taken in the bill of exceptions were not sufficient.

McCowen, the owner of the stolen negro, admitted in the course of his examination that he had owned the negro for six weeks before the negro left; and he admitted, that he had whipped the negro, once or twice, during those six weeks; but said, that he did not recollect telling D. W. Collier, that he "had whipped him and he ran away." Wheeler offered to prove, that McCowen did tell Collier this. The Court rejected the proof; and the rejection of it is made the *seventh* ground of the bill of exceptions.

The only object of the proof was, to impeach McCowen ; but it must be manifest, that the proof was not calculated to do this, in any appreciable degree.   McCowen, himself, had admitted, that he had whipped the negro once or twice, in the six weeks before the negro left, he having owned the negro but six weeks.   He merely said, that he did not *recollect* telling Collier, that he had whipped the negro and he ran away.

The rejection of the proof, therefore, is not a sufficient ground to justify this Court in granting a new trial.

So much for the *seventh* ground.

What is said of this seventh ground, may also be said, *mutatis mutandis*, of the *eighth.*

The counsel for Wheeler, requested the Court to charge the jury, " that the evidence of the verbal confession of guilt, is to be received with great caution, on account of the danger of mistake, from the misapprehension of witnesses, the misuse of words, the failure of the party to express his own meaning, and the infirmity of memory."

"Which charge the Court gave in full, as desired."

" And the counsel for defendant requested the Court to read from the book, perhaps Greenleaf, the reasons assigned by the author, for the existence of the rule of law, the Court remarked, that the rule had been given as desired, in full; and, on counsel insisting, that the Court should read from the book, the Court remarked, that the particular reasons assigned in the request, and authority, more particularly applied to cases where the party making the confessions, is under arrest at the time they are made, than to confessions made not under arrest, and made, at the instance of the party himself."

Is there any error in all this?

If we deem a man guilty of a crime, are we not more liable to *misapprehend,* and even to *forget,* his words to his disadvantage, than we are, if we do not deem him guilty? I rather think so. And are we not more disposed to believe a man under arrest for a crime, guilty of the crime, than we are to believe a man not under arrest for a crime, guilty of the crime? I rather think so.

If both of these questions can be answered in the affirmative, the Court below was right throughout—right in remarking that *all* of the enumerated grounds for the distrust of evidence reporting confessions, applied more strongly to that evidence, when it reported the confessions of a man under arrest for the crime, than, to that evidence, when it reported the spon-

taneous confessions of a man not under arrest for the crime.

But if the Court, instead of making this remark, had done all that it was requested to do, and no more, the verdict, we think, would, and should, have been, the same that it was. The *evidence* was against Wheeler.

If there had been a motion for a new trial, we should under the excessive strictness of the new trial Act of 1854, have had to scrutinize the distinction taken by the Court below, more closely. But there was none.

Hence, we say, that in our opinion, there was nothing, in the Court's making this distinction, sufficient to justify this Court in disturbing the verdict.

And this disposes of the ninth and tenth grounds of the bill of exceptions; and they are all that remained to be disposed of.

Judgment affirmed.