38   117
105   516
38   117
o121   333

ZENA THOMAS, plaintiff in error, *vs.* THE STATE, defendant in error.

The bill of indictment contained but one count, which was for murder. The jury returned a verdict of guilty of "involuntary manslaughter," which was received by the Court, and the jury discharged. A motion was made in arrest of judgment, on the ground that there are two grades of involuntary manslaughter, one punishable as a felony, the other by less punishment.
*Held*, that the motion should have been sustained by the Court.

Murder. Motion in arrest of judgment. Decided by JAMES M. CLARK. Sumter Superior Court. September Term, 1868.

Zena Thomas, a negro, was indicted and tried for murder, and the verdict was "we, the jury, find the defendant guilty of involuntary manslaughter."

A motion was made to arrest the judgment "upon the ground that said verdict was not according to law, and not justified by the pleadings in said case," in that it did not define whether the killing "was in the commission of an unlawful or a lawful act."

The Court refused to arrest the judgment, and this refusal is assigned as error.

M. CALLOWAY, W. A. HAWKINS, for plaintiff in error, cited sections 4262, 3529, 3530 and 3531, of the Code. New Constitution, Art. 1st, Sec. 8. *Davis vs. the State,* 22d *Ga. R.,* 102.

W. B. GRIMES, Sol. Gen., by PARKER, (Sol. Gen. of Pataula Circuit,) for THE STATE, cited *Bulloch vs. The State,* 10th *Geo. R.,* 47 ; *Hoskins vs. The State,* 11th *Geo. R.,* 92, and *Long vs. The State,* 12th *Geo. R.,* 293.

BROWN, C. J.

Was the Court right in refusing to sustain the motion in arrest of judgment in this case? We think not. Involuntary manslaughter is thus defined in the Revised Code, sections 4261, 4263 : " Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner. *Provided, always,* that when such involuntary killing shall happen in the commission of an unlawful act, which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offence shall be deemed and adjudged to be murder."

Involuntary manslaughter is in the commission or performance of a lawful act, where there has not been observed necessary discretion and caution.

The first grade is punished as a felony. The second by a less punishment. The verdict had been received by the Court, and the jury discharged from the consideration of the case. Of which of these grades of involuntary manslaughter did the verdict find the defendant guilty? It is impossible to tell. How, then, could a legal judgment be rendered upon

the finding? We think the decision of this Court in the case of *Davis vs. The State*, 22 *Ga.*, 101, lays down the principle which must control this case.

Judgment reversed.