JOHN C. WELCH, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where, upon a trial had upon an indictment for the offense of murder, the jury return a verdict finding "the prisoner guilty of manslaughter," the legal effect of the verdict was to find the defendant guilty of the highest grade of manslaughter, to-wit: voluntary manslaughter.

Criminal law. Verdict. Before Judge KNIGHT. Cobb Superior Court. January Special Term, 1873.

For the facts of this case, see the decision.

GEORGE N. LESTER; JOHN O. GARTRELL, for plaintiff in error.

C. J. WELLBORN, Solicitor General, by Z. D. HARRISON for the State.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder. On the first trial of the accusation, the jury found the defendant guilty. The Court below granted a new trial, and on the second trial, the jury found the following verdict: "We, the jury, find the prisoner guilty of manslaughter." A motion was made in arrest of judgment, on the ground that the verdict of the jury was too indefinite, uncertain and illegal, and is so contrary to law that no legal judgment or sentence can be pronounced or executed upon the same; which motion was overruled, and the defendant excepted.

There are two grades of manslaughter, as defined by our Code: Voluntary manslaughter, upon a sudden heat of passion; involuntary manslaughter, in the commission of an unlawful act, or a lawful act, without due caution and circumspection. The punishment of voluntary manslaughter, and the punishment of involuntary manslaughter in the commission of an unlawful act, and the punishment of involuntary manslaughter in the commission or performance of a lawful act, where there has not been observed necessary discretion

and caution, is different in each of the grades enumerated. In the case of voluntary manslaughter there is an intention to kill. In cases of involuntary manslaughter the intention to kill is wanting. What is the legal effect of the verdict of manslaughter in this case? In our judgment, the legal effect of the verdict was to find the defendant guilty of the highest grade of manslaughter, to-wit: voluntary manslaughter. Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity: Code, sec. 3503.

The defendant was charged with the offense of murder. The jury found him guilty of the second grade of homicide, but did not intend to find that the killing was involuntary, and without intention to kill, or they would have said so by their verdict; but, on the contrary, they found him guilty of manslaughter—that is to say, they found that the act of killing was voluntary by not finding the defendant guilty of involuntary manslaughter, and thereby negative the idea that the killing *was voluntary*. If the jury had found the defendant guilty of involuntary manslaughter, then their verdict should have specified whether it was in the commission of an unlawful act, or in the commission of a lawful act, without the necessary discretion and caution, because one is made a felony, and punished as such, but the other is not: Code, secs. 4262, 4263.

The punishment of manslaughter, other than involuntary manslaughter, is definitely prescribed by the Code, and when the jury found the defendant guilty of manslaughter without saying it was *involuntary*, the legal effect and intendment of the verdict was to find him guilty of voluntary manslaughter; otherwise, the verdict could not receive a reasonable construction and intendment. There are but two general grades of manslaughter recognized by the Code: voluntary, and involuntary manslaughter, and as the jury did not find the defendant guilty of involuntary manslaughter, the legal presumption is, that they intended to find him guilty of the highest grade of that offense, and the Court below did not err in pronounc-

ing its judgment therefor: *Bullock vs. The State*, 10 *Georgia Reports*, 60; *Dean vs. The State*, 43 *Ibid.*, 218; *Long vs. The State*, 12 *Ibid.*, 293.

Let the judgment of the Court below be affirmed.