Wright *vs.* The State of Georgia.

WRIGHT *vs.* THE STATE OF GEORGIA.*

Where, on the trial of an indictment for murder, the jury found the defendant guilty of "involuntary manslaughter," the legal effect of the verdict was to find him guilty of the highest grade of involuntary manslaughter, viz. involuntary manslaughter in the commission of an unlawful act; and it should have been received and recorded. But where the court instructed the jury to return to their room and state in their verdict the grade of involuntary manslaughter of which they meant to find the prisoner guilty, and that they need consider nothing else in the case, thus giving them an opportunity to find him guilty of the lower grade of the offence, this was not error of which the defendant could complain.

February 26, 1887.

Criminal Law. Verdict. Practice in Superior Court. Practice in Supreme Court. Before Judge STEWART. Monroe Superior Court. August Term, 1885.

Reported in the decision.

L. J. GARTRELL; A. D. HAMMOND; M. V. McKIBBEN; W. D. STONE; JOHN I. HALL, for plaintiff in error.

E. WOMACK, solicitor-general; BERNER & TURNER; T. B. CABANISS, for the State.

HALL, Justice.

This was an indictment for murder. The jury who tried the case brought into court this verdict : "We, the jury, find the defendant guilty of involuntary manslaughter." The court refused to receive and have the verdict recorded in that form, but instructed the jury to return to their room and state in their verdict the grade of involuntary manslaughter of which they meant to find the prisoner guilty, and further directed them that they should consider nothing in the case but the grade of which they would find the defendant guilty. They found him, under these

*JACKSON, C. J., did not preside in this case, on account of providential cause.

instructions, guilty of involuntary manslaughter in the commission of an unlawful act. To this charge and ruling exception was taken and, with other grounds, was embodied in the motion for a new trial, which motion was overruled. This was the only ground upon which counsel insisted for a reversal of the judgment. The others were virtually abandoned, and if they had not been, we find nothing in them that would justify an interference with the finding of the jury.

The verdict, as originally returned, was sufficient to have authorized the court to pass sentence on the defendant the same as though he had been convicted of the highest grade of involuntary manslaughter, viz. involuntary manslaughter in the commission of an unlawful act, and should, as we think, have been received and recorded.

The only error committed, which could have affected the prisoner, was in sending the jury back under instructions to state the grade of involuntary manslaughter they intended to find. But of this he could not complain, since it gave the jury an opportunity to find him guilty of the lower grade of that offence, which the result shows was not their intention. Where there are several counts in an indictment charging different grades of the same offence, with punishment differing in degree only, of the same nature, and the jury return a verdict of guilty, the judgment will not be arrested, but the court will award judgment for the highest grade of the offence charged in the indictment. *Bulloch's* case, 10 *Ga.* 47 (4 h. n.), 58 *et seq.*, where the question is exhaustively and learnedly considered. So it was held in *Welch's* case, 50 *Ga.* 128, that on a trial on an indictment for murder, where the jury returned a verdict finding the prisoner guilty of manslaughter, the legal effect was to find him guilty of the highest grade of manslaughter, viz. voluntary manslaughter. This case reviews the previous authorities upon the question. That verdicts are to receive a reasonable construction, and are not to be

v 78-13

avoided except from necessity, is now firmly established as the law of this State. Code, §3561, and citations. We find no error, of which the defendant could complain, in the direction given the jury, under the circumstances of this case; and as before intimated, there is nothing in the other grounds of the motion requiring particular notice; certainly not in general grounds, as the evidence supports the verdict, at least to the extent to which it has gone.

Judgment affirmed.