ENGLISH *v*. THE STATE.

LITTLE, J. Under the decision of this court in *Thomas* v. *State*, 38 *Ga.* 117, a verdict upon an indictment for murder finding the accused guilty of "involuntary manslaughter" is too vague and uncertain to support a judgment of any kind. Though complaint of such a verdict was made in a motion for a new trial and not by a motion in arrest of judgment, it was not legitimate to refer either to the evidence or the charge of the court for the purpose of ascertaining what the verdict really meant.

                        *Judgment reversed. All the Justices concurring, except*
FISH and LEWIS, JJ., dissenting. Where a verdict of "involuntary manslaughter" was rendered and not otherwise complained of than as above indicated, and where the record discloses that the judge properly charged the jury that there could be no conviction of involuntary manslaughter in the commission of a lawful act, and further instructed them that in the event they found the accused guilty of involuntary manslaughter in the commission of an unlawful act, the form of their verdict would be, "We, the jury, find the defendant guilty of involuntary manslaughter," a verdict in these terms was sufficiently certain and was rightly construed and treated as a verdict convicting the accused of involuntary manslaughter in the commission of an unlawful act. *Wright* v. *State*, 78 *Ga.* 192.

                    Argued July 5, — Decided July 29, 1898.

Indictment for murder. Before Judge Candler. Fulton superior court. May term, 1898.

*Arnold & Arnold,* for plaintiff in error.
*C. D. Hill, solicitor-general,* and *Arnold & Broyles,* contra.