## THOMAS *v.* THE STATE.

1. According to the express decision in *Wright* v. *State*, 78 *Ga.* 192, and the oft-followed principle announced in *Bullock* v. *State*, 10 *Ga.* 47 (4), a verdict that the defendant is guilty of involuntary manslaughter will be referred to the highest grade of that offense, and be treated as equivalent to a finding that he was guilty of involuntary manslaughter in the commission of an unlawful act.
2. The decision to the contrary in *Thomas* v. *State*, 38 *Ga.* 117, on review, is overruled.

Submitted October 19, — Decided December 9, 1904.

Conviction of involuntary manslaughter.    Before Judge Reagan. Spalding superior court.    August 26, 1904.

Thomas was indicted for murder, for that with force and arms, and acting with malice aforethought, he did unlawfully kill Will Benton by striking him and beating him with a stick.    At the August term, 1904, of Spalding superior court, a trial was had, resulting in the following verdict :    " We, the jury, find the defendant guilty of involuntary manslaughter."    The verdict was received and recorded, and the jury trying the case were discharged and dispersed.    At the same term of the court the defendant moved in arrest of judgment, because the verdict was too uncertain and indefinite, was unlawful, not justified by the pleadings, did not find whether the killing was in the commission of a lawful or an unlawful act; and because no legal judgment could be rendered, since the court could not tell what grade of involuntary manslaughter was meant.    The court overruled the motion, and the defendant excepted.

*Marcus W. Beck* and *J. R. Williams*, for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

LAMAR, J.    The careful and thorough review of the authorities, and the convincing opinion of Justice Cobb, in *Watson* v. *State*, 116 *Ga.* 607, make it unnecessary to re-examine the question as

to the possible verdicts which may be rendered in a trial on an indictment for murder. It was there shown that under such a charge the defendant might be found guilty of murder, voluntary manslaughter, involuntary manslaughter in the commission of an unlawful act, involuntary manslaughter in the commission of a lawful act without due care, assault with intent to murder, shooting at another, stabbing, or assault. In other words, whatever may be the rule elsewhere, under the Penal Code of this State each of these minor offenses may, by inclusion, be as well charged as though the indictment contained separate counts for each of these distinct offenses. Treating the indictment, therefore, as in effect containing several counts, the rule is that a general verdict of guilty will be referred to that count charging the greatest offense. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Penal Code, § 1033. As far as possible they must be construed according to uniform rules. At the beginning it would no doubt have been quite as logical to say that a verdict of guilty in such cases should be referred to the lowest, instead of to the highest offense charged. But whether because there was a conclusive presumption that the jury would have indicated that fact if they intended to find the defendant guilty of the lesser offense, or because after the verdict of guilty the presumption of innocence had been removed and in vindication of the law the defendant would be considered as guilty of the highest offense named, the principle was established that verdicts of guilty were to be referred to that count charging the greatest offense. By analogy, under an indictment for murder, including therein a charge of manslaughter, a verdict for manslaughter is to be treated as a finding that the defendant is guilty of voluntary manslaughter, that being the highest grade included within that term. *Welch* v. *State*, 50 *Ga.* 128. By exactly the same principle, if the defendant is found guilty of involuntary manslaughter, the verdict must be treated as a finding that he has committed the highest grade of that offense, or involuntary manslaughter in the commission of an unlawful act. Such was the express ruling of two Judges in *Wright* v. *State*, 78 *Ga.* 192. That decision was based upon the early and carefully-considered case of *Bullock* v. *State*, 10 *Ga.* 60, the principle of which has repeatedly been followed,

even where one count charges a felony and the other a misde-
meanor. *Dean* v. *State*, 43 *Ga.* 218; *Yarborough* v. *State*, 86 *Ga.*
396; *Long* v. *State*, 12 *Ga.* 317; *Adams* v. *State*, 52 *Ga.* 565.
The decision complained of was in accordance with these cases;
and there would be no room for questioning the ruling, but for a
dictum in *Welch* v. *State*, supra, and the opinion in *Thomas* v.
*State*, 38 *Ga.* 117.    This want of harmony was recognized in
*Isom* v. *State*, 90 *Ga.* 380.    But the decision in *Thomas's* case
was opposed to the principle of the prior ruling in *Bullock's* case,
and the later decision in *Smith* v. *State*, 109 *Ga.* 479, nor has it
at any time been followed by a full bench.    *English* v. *State*, 105
*Ga.* 516.    In view of these conflicts the solicitor-general asked
and obtained permission to review the *Thomas* case, if the court
should be of opinion that it was of controlling authority.    As has
been shown, it was in conflict with the principle laid down in the
earlier and authoritative ruling in *Bullock's* case.  · But that there
may be no room for future discussion, the court is unanimously of
the opinion that the *Thomas* case should be overruled, and that
the principle as expressly announced in *Wright* v. *State* should be
followed.    There was no error in refusing to arrest the judgment.

*Judgment affirmed.    All the Justices concur.*