27276. PHILLIPS *v.* THE STATE.

Decided February 16, 1939.

*H. H. Elders,* for plaintiff in error.

*B. D. Dubberly, solicitor,* contra.

MacIntyre, J. The defendant, Alex Phillips, was convicted of dynamiting fish. His motion for new trial as amended was overruled and he excepted. The motion for new trial was based upon the general grounds. The only ground of the amended motion is that the motion should be granted upon alleged newly discovered evidence.

Hagar Davis and Willie Davis, witnesses for the State, testified that they saw the defendant commit the crime charged. Charlie Davis, their father, testified to corroborating circumstances. The evidence for the State, if believed by the jury, amply supported a conviction. The evidence for the defendant attempted to establish the defense of alibi, and if believed would have warranted a verdict of not guilty. The alleged newly discovered evidence, upon which the only ground of the amended motion was based, was founded upon the affidavits of Olin Burke, Mrs. Allene Beasley, and L. L. Coleman. The affidavit of Olin Burke, attached to the amended motion for new trial, attacked the credibility of Hagar Davis, one of the State's witnesses. The affidavit of L. L. Coleman attacked the credibility of Charlie Davis, another of the State's witnesses. The sworn statement of Mrs. Allene Beasley in her affidavit would tend to establish an alibi for the defendant, but it is practically identical with the testimony of several of the defendant's witnesses on the former trial supporting his defense of alibi. The defendant, in his affidavit in support of said amendment, says, among other things, that he has discovered the testimony of Olin Burke and Mrs.

Allene Beasley and L. L. Coleman since his trial; that his mind should have recalled the evidence of Burke and Mrs. Beasley but it did not.

The forgetfulness by the defendant of material facts (alleged to be newly discovered evidence) on the trial is not sufficient ground for a new trial. *Gaulden* v. *Lawrence,* 33 *Ga.* 159; see also *Burgess* v. *State,* 93 *Ga.* 304 (20 S. E. 331). "A new trial will not be granted on the ground of newly discovered evidence, if its only object is to impeach the character or credit of a witness." *Wright* v. *State,* 34 *Ga.* 110 (2); *Prator* v. *State,* 8 *Ga. App.* 436 (69 S. E. 496). In the present case, even if we deduct the entire testimony of the two witnesses attacked by the impeaching affidavits, we still have the testimony of Willie Davis, an eye witness, whose testimony is not attacked by the alleged newly discovered evidence. Then, the only other alleged newly discovered evidence would be the affidavit of the witness Mrs. Allene Beasley which merely supported the defendant's defense of alibi, and the testimony in this affidavit is practically identical with the testimony of several others of the defendant's alibi witnesses already adduced on the former trial. "Cumulative evidence to prove an *alibi,* even if newly discovered, is not cause for a new trial." *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542); *Tipton* v. *State,* 119 *Ga.* 304 (8) (46 S. E. 436). We do not think that a new trial should be granted in this case upon the alleged newly discovered evidence which is merely impeaching and cumulative.

In the instant case, the evidence warranted the verdict and there was no error in denying the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*