28215. KIMBALL *v.* THE STATE.

184

DECIDED JULY 16, 1940.   REHEARING DENIED JULY 30, 1940.

*D. E. Griffin,* for plaintiff in error.

*Allan C. Garden, solicitor-general, W. S. Mann,* contra.

MACINTYRE, J.   The defendant was charged with murder, and was convicted of involuntary manslaughter in the commission of an unlawful act.   His motion for new trial was overruled, and he excepted.

It appears from the evidence, that W. A. Gibbs, his son Marcus Gibbs, John Allen Dozier, Horace Jennings, and Sam Fitzgerald congregated in Rochelle, and all came together in Sam Fitzgerald's Ford coupé to Fitzgerald to visit various drinking joints, club houses, and the fair.   They met the late George C. Wilcox, a relative and friend, at the fair.   All had been drinking, except perhaps Horace Jennings.   All five, with the addition of George C. Wilcox (the one whom Vaud Kimball was charged with having murdered), got into the Ford coupé which had one seat and the "turtle," and (Wilcox driving) went to the "Hi Hat," a road house near the City of Fitzgerald.   The defendant, who had been drinking, was already in the road house, sitting on a bench on the left side of the door.   Two girls in the road house were entertainers for the house.   Wilcox danced with one of these girls, called "Gasoline."   After she and Wilcox had finished the dance she strolled by Vaud Kimball, the defendant.   He playfully slapped her on the buttocks, and she slapped him.   Wilcox went over to the bench where the defendant was sitting, and remonstrated with him for having slapped "Gasoline," and cursed him.   He struck Wilcox with his fist, and they both went down on the floor in front of the bench, lying practically crosswise with each other.   They were immediately separated by Marcus Gibbs, John Dozeir, and Homer L. Bass, operator of the "Hi Hat."   No weapon of any kind was used or in the hands of either Wilcox or the defendant.   This happened on November 5, 1938, about 10:30 or 11 o'clock, p. m.   At midnight

George Wilcox drove the car to his home. W. A. Gibbs and Sam Fitzgerald accompanied him to bring the car back. On November 14, 1938, Wilcox had a partial stroke of paralysis. On November 15, 1938, Dr. Luke, not a practicing physician but one who had retired two or three years before, was called in to see Wilcox. On November 19, 1938, Wilcox walked a half mile or more to the place of the automobile-sales business operated by Dr. Luke and his son, to see Dr. Luke. On November 27, 1938, Wilcox suffered another stroke, and at the instance of the defendant and his wife other doctors were called in to examine and treat him. He died on December 2, 1938, of pneumonia.

■ Grounds 4 and 13 of the motion for new trial complain of the admission of certain testimony. It is stated that the evidence was admitted over the objection of the movant; but it clearly appears from the grounds themselves and from notations by the court that no objection was made to the questions as finally propounded and the answers given. One of the essentials of a valid assignment of error complaining of the admission of evidence is that it must affirmatively appear that specific objections were made at the time it was offered. This court sits to review rulings of the trial courts; and where a ruling has not been made by the trial court, this court will not pass upon such question. *Bourquin* v. *Bourquin*, 110 *Ga.* 440, 442 (35 S. E. 710) ; *Smith* v. *State*, 23 *Ga. App.* 76 (97 S. E. 454). There is no ground numbered 5.

■ Ground 6 assigns error on the overruling of an objection to a lengthy hypothetical question propounded on cross-examination to a physician offered as a witness for the defendant. Both the question and the answer are lengthy and for sake of brevity will not be set forth. The objection to the question was "that it is purely a hypothetical question and is not admissible." It was a proper question, since it was couched in hypothetical form and was adjusted to the facts which had already been proved. The answer simply corroborated the testimony of the State's expert witnesses, regarding the symptoms developed by the deceased and the conclusions reached by the experts. The witness was a doctor offered as an expert by the defendant, and had never seen the deceased in his professional capacity. The Code, § 38-1710, provides: "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be

given on the facts as proved by other witnesses." "The proper mode of examining a physician or expert, where he is not testifying from his own knowledge, is to ask him hypothetical questions." *Southern Bell Telephone &c. Co.* v. *Jordan,* 87 *Ga.* 69 (3) (13 S. E. 202). The other objection to the question was that the evidence was inadmissible. Such an objection does not form the basis of an adequate assignment of error. *McDonald* v. *State,* 21 *Ga. App.* 125 (6) (94 S. E. 262).

■ In grounds 7 and 8 it is shown that an objection was made to certain testimony of W. A. Gibbs and George Crawford, on the ground that it was hearsay, and that the judge sustained the objection and stated that he would rule out anything that the witness did not himself see. Complaint is made of the failure of the court to instruct the jury that they should disregard the testimony so ruled out. There was no request for additional instruction, at the time the objections were made. This ground is not meritorious. The failure of the court, in the absence of a timely request, to instruct the jury to disregard the testimony which had been ruled out was not error. *Annunciatio* v. *State,* 176 *Ga.* 787 (2) (169 S. E. 3) ; *Wheeler* v. *State,* 23 *Ga.* 292.

■ Ground 9 assigns error on a ruling of the court sustaining an objection that certain evidence was hearsay. The defendant offered the testimony of J. W. Henderson, with reference to a conversation which Henderson, defendant's witness, had with George C. Wilcox, a year and a half before the death of Wilcox and following an operation for appendicitis performed on Wilcox by Dr. Coleman in Eastman. The purpose of the question was to offer in evidence the statement of Wilcox that Dr. Coleman told him that if he ever took another drink or two of liquor it would kill him. The evidence offered was clearly hearsay, and hearsay testimony is generally inadmissible. Code, § 38-301. Evidence as to the conversation was properly excluded as hearsay. *Chedel* v. *Mooney,* 158 *Ga.* 297 (7) (123 S. E. 300) ; *Rocker* v. *DeLoach,* 178 *Ga.* 480, 485 (173 S. E. 709).

■ Grounds 10 and 11 complain of the court's ruling allowing certain questions to be propounded to the State's witness, over the objection that the questions were leading. It is a matter entirely within the discretion of the trial court as to whether or not counsel should be permitted to ask leading questions. *Higdon* v. *William-*

*son,* 140 *Ga.* 187 (3) (78 S. E. 767). Since it is within the sound discretion of the court to permit counsel to propound leading questions to a witness, and there being no abuse of discretion in this case, no reason for the grant of a new trial on that ground appears. *Beaudrot* v. *State,* 126 *Ga.* 579 (55 S. E. 592).

■ Ground 14 assigns error on the expression in the charge where the court was stating the contentions of the State, "that the deceased suffered *immediately* from that blow a partial paralysis" (italics ours), it being contended that this was erroneous and harmful, because the State did not contend that there was an immediate paralysis. If this statement was inaccurate, it was immaterial and was certainly harmless. The controlling issues in the case, including the contentions of both parties, were adequately and properly submitted. "Instructions to a jury, even if not in all respects correct, afford no cause for a new trial when they are manifestly harmless to the complaining party." *Martin* v. *Gibbons,* 14 *Ga. App.* 136 (80 S. E. 522); *Williams* v. *State,* 180 *Ga.* 595 (3) (180 S. E. 101). See also *Faries* v. *Central of Georgia Ry. Co.,* 19 *Ga. App.* 121 (91 S. E. 241).

■ In ground 15 error is assigned on the instruction that if the jury were satisfied that the defendant was guilty of some offense, and entertained a reasonable doubt as to what he was guilty of, they should resolve it in his favor and find him guilty of the lesser offense. The instruction was in effect the same as a charge given in *Simpson* v. *State,* 12 *Ga. App.* 292 (4) (77 S. E. 105), and was applicable to the case at bar. There is no merit in this ground.

■ The instruction complained of in ground 16 was in almost the exact language of the charge given in *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), and was applicable under the indictment and the evidence. This ground is likewise not meritorious.

■ The charge complained of in ground 17 was with reference to malice, and was a correct charge under the Code, § 26-1007. In effect it was the same as the charge approved in *Robertson* v. *State,* 162 *Ga.* 1, 6 (132 S. E. 418). Furthermore, if erroneous, it could not have been a basis for new trial, since it related to malice, an element of murder, and the defendant was convicted of manslaughter not involving malice, and was not harmed by the charge.

■ Ground 18 complains of a charge with reference to the

crime of murder. If error it was, the defendant can not complain; for it has been repeatedly held that an erroneous charge upon the subject of higher offenses is not cause for a new trial where the conviction is for a lesser offense. The indictment in the present case was for murder. His conviction was for involuntary manslaughter in the commission of an unlawful act. This ground is not meritorious.

■ The excerpt from the charge complained of in ground 19 contained correct abstract principles of law which were applicable to the indictment and the evidence introduced, and was not erroneous for the reasons assigned.

■ Ground 20 assigns error on an excerpt from the charge dealing with the question of reasonable fears as constituting circumstances justifying the homicide. The defendant contends that such charge led the jury to believe that it was unlawful for him to have struck the deceased with his fist, and that such blow was likely to produce pneumonia which was likely to produce, and did cause, death. This charge was in effect in the language of the Code, § 26-1012, and was applicable to the case. This ground is not meritorious. See *Rooks* v. *State*, 42 *Ga. App.* 474 (2) (156 S. E. 479).

■ The defendant contends, in ground 21, that the court failed to instruct the jury as to the punishments of various grades of involuntary manslaughter, one being a felony and the other a misdemeanor. In a note to this ground the court stated that a charge on the subject of involuntary manslaughter in the commission of an unlawful act was required, but that a charge on the subject of involuntary manslaughter in the commission of a lawful act without due circumspection and precaution was not applicable. The indictment charged the defendant, Vaud Kimball, with murder, for that he did make an assault on George C. Wilcox, and did "then and there unlawfully, feloniously, wilfully, and of his malice aforethought, did kill and murder, by hitting, striking, and beating the said George C. Wilcox with a certain instrument to the grand jury unknown, and with his, the said Kimball's fist, which the said Vaud Kimball then and there held, and giving to the said George C. Wilcox then and there a mortal wound, of which mortal wound the said George C. Wilcox died. And so the jurors aforesaid, upon their oath aforesaid, do say that the said Vaud Kimball the said

George C. Wilcox, in manner and form aforesaid, unlawfully, feloniously, wilfully, and of his malice aforethought did kill and murder." Under an indictment for murder the accused may be convicted of a lower grade of felony, or even of a misdemeanor, if the lesser offense is one involved in the homicide and is sufficiently charged in the indictment. *Watson* v. *State,* 116 *Ga.* 607 (4) (43 S. E. 32, 21 L. R. A. (N. S.) 1); *Cambron* v. *State,* 36 *Ga. App.* 784, 786 (138 S. E. 280). The State's theory of the case was that the accused murdered the deceased by hitting him with his fist, or some instrument unknown, from which the deceased died. The accused contended that the highest crime for which he could be convicted was assault and battery. If the defendant struck the deceased, as contended by the State, and the evidence so discloses, the act was unlawful. There was no evidence authorizing a conviction of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. There was no justification under the evidence. The judge did not err in failing to charge on involuntary manslaughter in the commission of a lawful act without due caution and circumspection. *Smith* v. *State,* 12 *Ga. App.* 13 (76 S. E. 647); and see *Flannigan* v. *State,* 136 *Ga.* 132 (70 S. E. 1107).

■ Ground 22 complains that the judge erred in failing to charge the jury the law with reference to assault and battery. The jury, in all cases, should be instructed that the defendant may be convicted of the lesser offense (which is necessarily included in the greater offense charged in the indictment, or the averments in the indictment describing the greater constitute a charge of the lesser), where the evidence submitted, under any view, will authorize a conviction of the lesser grade. *Fields* v. *State,* 2 *Ga. App.* 41, 45, 46 (58 S. E. 327); *Watson* v. *State,* supra. The indictment, as just quoted, charged the defendant with murder. We recognize the rule, that, "in order for a conviction of a lesser crime to be warranted, the greater must either necessarily include within itself all of the essential ingredients of the lesser, or, if not necessarily included, but may or may not be involved according to the circumstances of the particular case, the indictment must itself, in describing the manner in which the higher offense was committed, contain all of the averments necessary to constitute the lower." *Watson* v. *State,* supra. In this case the indictment, in describing

the manner in which the higher offense was committed, contained all the averments which would have been necessary to constitute the offense of assault and battery. The evidence amply authorized a finding that the efficient cause of the death of the deceased was the lick on the back of his head, either from the defendant's fist or some other blunt instrument in his hand, as an unopened pocket-knife. There is no evidence that the death resulted from any cause other than this blow by the defendant. It is not necessary to negative every other possible contingency which might have produced the death of the deceased. If this were so, conviction of crimes of such violence would be a rarity. *Long* v. *State,* 60 *Ga. App.* 517, 519 (4 S. E. 2d, 75). Generally speaking, where the evidence is that the deceased was struck by the defendant, and that the death resulted from that blow delivered without justification, and there is no evidence of any other cause of the death, this proves a completed crime of murder or manslaughter, and the lesser offense of assault and battery loses its identity and is merged in the greater. *Rivers* v. *State,* 46 *Ga. App.* 781. The evidence in this case, if credible, proved the completed offense of murder or manslaughter, or innocence. The judge was not required to instruct the jury on the question of assault and battery, for the reason that there was no testimony calling for such instruction.

■ The defendant contends, in ground 23, that the verdict "We, the jury, find the defendant, Vaud Kimball, guilty of involuntary manslaughter," was erroneous, because it was too vague and uncertain to support a judgment or sentence of any kind thereon. This ground is not meritorious. The effect of this verdict was to find the defendant guilty of the highest degree of involuntary manslaughter. *Wright* v. *State,* 78 *Ga.* 192 (2 S. E. 693); *Thomas* v. *State,* 121 *Ga.* 331 (49 S. E. 273).

■ Ground 24 is based on alleged newly discovered evidence. "Applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and the refusal to grant a new trial on that ground will not be reversed unless his discretion is abused." *Jackson* v. *State,* 56 *Ga. App.* 250, 255 (192 S. E. 454). It is the duty of the trial court to grant a new trial where injustice has been done and a further trial is necessary to secure justice. However, the granting of a new trial on the ground of newly discovered evidence is not

favored by the courts, and it should clearly appear "that the newly discovered evidence is not cumulative only, nor solely to impeach the credit of a witness, and that the probable effect thereof, if another trial be had, will be to produce a different verdict." *Phillips v. State*, 59 *Ga. App.* 466 (1 S. E. 2d, 225). There is nothing in the record to indicate that the judge abused the discretion vested in him in overruling the motion for new trial on this ground.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*