29136. OGLESBY *v.* CASON.

DECIDED SEPTEMBER 19, 1941.

*Charles G. Reynolds,* for plaintiff in error.
*Dekle & Dekle,* contra.

BROYLES, C. J. On September 26, 1939, D. M. Cason sued R. L. Oglesby on a sealed promissory note given for the principal sum of $160.03, dated April 28, 1930, payable September 1, 1930, to the American Agricultural Chemical Company, and transferred to plaintiff by the payee on November 5, 1932. On September 27, 1940, and after the introduction of evidence by both plaintiff and defendant, the court, acting without the intervention of a jury,

rendered a judgment for the plaintiff for $157.05 principal, $125.60 interest to date, and $42.39 attorney's fees. The court overruled Oglesby's motion for new trial containing the usual general grounds and a single special ground based on alleged newly discovered evidence, and he excepted to that judgment.

The defendant admitted the jurisdiction of the court and that he had been served with the written notice to claim attorney's fees as alleged in the petition, and denied the other material averments of the petition. He further pleaded: "On or about April 23, 1930, defendant bought from the plaintiff, who was at that time the agent for American Agricultural Chemical Company, the . . fertilizer set out in said note, and agreed to pay for such fertilizer as soon as he could borrow the money from the Emergency Crop and Feed Loan Office;" that plaintiff requested him to "sign said note as a memorandum of the transaction and . . defendant signed a note in blank;" that "on or about the 15th day of May, 1930, this defendant procured a loan from said Emergency Crop and Feed Loan Office and indorsed the check and turned it over to the plaintiff;" that this check was for an amount more than sufficient to pay for the fertilizers bought by defendant, and "this check was paid and . . plaintiff received the amount of the check in cash;" that at the time said note was transferred to the plaintiff he had full knowledge of the foregoing facts; "that the note sued on is the one he signed in blank and was filled in over his signature," and said note has been fully paid as set out above; and that this suit was brought by plaintiff with knowledge that it had been paid in full and plaintiff has acted in bad faith, and he should recover from plaintiff $50 as attorney's fees.

Counsel for plaintiff in error conceded in his brief that there was sufficient evidence to support the verdict and stated that he cared to argue only the fourth ground of the amended motion, which is the ground based upon newly discovered evidence. To this ground are attached the affidavits of plaintiff in error and the two attorneys representing him at the trial of his case. The affidavit of plaintiff in error purports to set out the facts relied on to sustain said ground, and those facts are that "on the trial of said case the defendant produced a ledger sheet of a bank at Garfield which showed deposits of some sixty dollars on the date when the checks from the Secretary of Agriculture, or the United States, were paid

to the plaintiff; that the plaintiff testified on the trial that these deposits were part of the money represented by the checks from the United States and that the checks were not paid on the note sued on;" that "at the time of the trial deponent, owing to a lapse of nearly ten years since the transactions occurred, was unable to re-call the reason for the deposits being made on that date;" that "de-ponent had no information that any such contention would be made by the plaintiff and did not know or recall that such deposits had been made until it was unexpectedly shown by said ledger sheet and the testimony of the plaintiff;" that "since the trial of said case deponent has discovered that on the very date when said checks from the United States were paid to the plaintiff the defendant borrowed from the plaintiff the sum of $65 and secured the same by executing and delivering to the plaintiff a bill of sale to a Ford truck;" that "on November 13, 1931, the plaintiff foreclosed this bill of sale in the justice court of the 49th district G. M. of Eman-uel County, Georgia, and on said date the defendant paid to the plaintiff the balance due on said bill of sale, which balance was all that the defendant owed to the plaintiff, and the plaintiff then and there accepted said payment in full and final satisfaction of all claims and demands which he had against the defendant, and the plaintiff did not at that time claim that the defendant owed the note sued on, although the maturity date on the note as sued on in this case had arrived;" that "deponent attaches hereto a certified copy of the entries on the docket of the justice court of the 49th district of Emanuel County;" and that "deponent can not attach the original bill of sale for the reason that the bill of sale is in the possession of the plaintiff and he is now undertaking to again col-lect the bill of sale and the amount secured thereby from this de-fendant." The certified copy of the "entries on the docket" of the justice's court referred to in the foregoing affidavit discloses the following entry of the constable: "I have levied on one Ford. This 13th day of Nov., 1931;" and the following entry: "Case settled and cost paid." The affidavits of the two counsel who rep-resented plaintiff in error at the trial of the case were substantially the same, each alleging that "deponent did not know of the facts set out in said affidavit [that of R. L. Oglesby] and could not have discovered them by due diligence before the case was tried, for the reason that deponent did all he could to get the books from the

bank which showed the account of R. L. Oglesby and was never able to see them until a ledger sheet was produced by the plaintiff on the trial, and up to that time deponent did not know that the plaintiff would contend that any part of the checks from the United States were paid to R. L. Oglesby by the bank in cash."

"A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him. . ." Code, § 70-204. "When a motion for new trial is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence. . ." Code, § 70-205. It was held in *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (3) (102 S. E. 425): "The ground of the motion based on alleged newly discovered evidence can not be considered, because it is not shown that the facts therein set out were unknown to the defendant or his counsel before the trial; nor . . that such facts could not have been discovered by the exercise of ordinary diligence." In *Sellers* v. *State,* 99 *Ga.* 212 (2) (25 S. E. 178), the court held: "Evidence which in the nature of things must have been known to the accused before his trial was ended, can not after verdict be treated as newly discovered. If at any stage of the trial it became important or material to his defense to obtain the evidence in question, he should have taken immediate steps to procure the presence of the witness whose presence was desired, invoking for this purpose, if necessary, a suspension of the trial until the attendance of the witness could be had." "The forgetfulness by a party of a material fact on the trial is not a sufficient ground for a new trial." *Gaulden* v. *Lawrence,* 33 *Ga.* 159. This ruling was followed in *Phillips* v. *State,* 59 *Ga. App.* 466 (2) (1 S. E. 2d, 225). "Courts are not obliged to grant a new trial for newly discovered evidence unless they are reasonably convinced that on another trial there would probably be a different verdict." *Young* v. *State,* 56 *Ga.* 403 (4).

Applying the foregoing rules of law to the facts of this case as stated in the affidavit of the movant, the alleged newly discovered evidence was not newly discovered. Furthermore, an examination

of the record leads us to the conclusion that it is very doubtful if the evidence in question would bring about a different verdict on another trial of the case. Since the only ground of the motion for new trial insisted upon by the movant is the one based on alleged newly discovered evidence, the judgment denying a new trial must be *Affirmed. MacIntyre and Gardner, JJ., concur.*