JORDAN *v.* THE STATE.

SIMMONS, C. J.    1. Where in the trial of a criminal case a juror is put upon his voir dire and states that he is related to the accused but does not know in what degree, and the judge sets aside such juror for cause, and the accused, after conviction, makes a motion for new trial, one of the grounds complaining of this ruling, the State may, in answer to the rule nisi to show cause why a new trial should not be granted, show, by the affidavit of one who has knowledge of the matter, the degree of the relationship of the accused to the rejected juror.    In hearing the motion for new trial the judge may consider this affidavit, and may refuse to grant a new trial upon this ground, if it appear that the juror was in fact related to the accused within the prohibited degree.

2. Where, in the trial of one accused of seduction, a witness for the accused has given testimony tending to show lewd conduct on the part of the prosecutrix, which, if true, was known to the witness prior to the time of the alleged seduction, declarations to third persons, made by him subsequently to that time, not in the presence of the accused, tending to show that he thought the prosecutrix a chaste and virtuous female, are admissible in evidence, after proper foundation laid, to impeach the witness.    See *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 589.

3. The evidence was sufficient to establish the venue of the crime.

4. As a man may be guilty of seduction whether he be married or single, and as an indictment for seduction need not allege that the accused was single, where the indictment is silent on this subject it is not incumbent upon the State to prove that the accused was unmarried, and a verdict of guilty will not be set aside because of the absence of such proof.

5. In view of the counter-showing made by the State, the judge did not abuse his discretion in refusing to grant a new trial on the ground of newly discovered evidence.

6. The request to charge was covered by the charge given, and the verdict was authorized by the evidence. The trial judge did not abuse his discretion in refusing a new trial. 　. *Judgment affirmed. All the Justices concur.*

Argued July 18, — Decided August 10, 1904.

Indictment for seduction. Before Judge Littlejohn. Marion superior court. May 28, 1904.

*J. J. Dunham* and *J. H. Lumpkin,* for plaintiff in error.

*S. P. Gilbert,* solicitor-general, *W. B. Short,* and *W. D. Crawford,* contra.