## 1209.  FOURAKER *v.* THE STATE.

1. Where a ground òf a motion for a new trial based on newly discovered evidence is filed, and a counter-showing is made, so that a conflict arises as to the material facts upon which the ground is based, a reviewing court will not, except in a case of manifest abuse of discretion, reverse the finding of the trial judge.
2. The admission of testimony favorable to the defendant affords him no ground for a new trial.
3. The trial judge has a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a reviewing court, unless it is abused.
4. Grounds of a motion for a new trial should be complete within themselves.
5. The evidence, though somewhat weak and circumstantial, is, legally speaking, sufficient to support the verdict.

Indictment for assault with intent to murder, from Clinch superior court—Judge Parker.  April 25, 1908.

Submitted June 30,—Decided August 4, 1908.

*Townsend & Dame,* for plaintiff in error.

*John W. Bennett, solicitor-general,* contra.·

RUSSELL, J.  The plaintiff in error excepts to the overruling of his motion for new trial.  The motion was based in part upon the ground of newly discovered evidence.  One M. C. Kite swore, by affidavit, that at the time of the shooting with which the defendant was charged, he was present and was looking at the defendant, and that the defendant was standing near a railroad crossing and within a few steps of him, and did not fire any shot or have any gun.  The prosecutor was shot with a gun, and consequently the evidence of this witness would have been very material, and perhaps would have caused a different result upon another trial of the case, if believed.  There were, however, affidavits introduced in behalf of the State, tending to show that the witness Kite was in a different town on the night of the shooting, and that therefore his testimony was false.

1.  Upon the hearing of a motion for new trial, and in the consideration of a ground of the motion dependent upon newly discovered evidence, where affidavits are introduced supporting and disputing the ground of the motion, the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses.  A reviewing

court will not in any such case control his discretion as to the comparative credibility of the witnesses who testified in support of the motion and those who swore to the contrary. We can not, therefore, in the present case say that the trial judge erred in believing Sturges, Cribb, Johnson, and Tomlinson, in preference to the witness Kite. As we can not do this, we can not hold that the court erred in overruling the ground of the motion based upon newly discovered evidence.

2. Even if the court should not have permitted the prosecutor's testimony with reference to what Swearingen said in apology to him, the error, if any, was harmless to the defendant. This testimony was: "I said, 'You just come in here and tell me that you are sorry for what you said, and just wait until you are sober, and there will be nothing of this. Go ahead and get sober.' He then turned around and said, 'You are right. I will go.' He then went off, both of them, and I did not see where they went." This evidence was objected to by counsel for the defendant, upon the ground that it was inadmissible and immaterial, and not connected with the assault for which the defendant was being prosecuted. We think that the evidence shows pretty clearly that the defendant and Swearingen were together from the beginning of the quarrel between the prosecutor (Allen) and Swearingen, until after Swearingen was killed; and the entire difficulty may be considered as one transaction. But even if this were not the case, in no event could the evidence above quoted, which tended to show that Swearingen was inclined to be pacified, injure the defendant.

3. The exception that the court erred in permitting the solicitor-general to cross-examine a witness introduced by him is not well taken; because it was purely within the discretion of the court as to whether the State's counsel should be permitted to lead the witness, or to cross-examine his own witness.

4. The 6th ground of the amended motion for new trial presents nothing for the consideration of this court. In that ground it is alleged that the court erred in overruling the defendant's motion to declare a mistrial upon the grounds stated in the brief of evidence. The special reason why the court erred must be stated, and the specific error must be pointed out, in the motion for new trial itself, and this court can not look to the brief of evidence to ascertain the grounds of a motion for mistrial.

5. After a careful examination of the evidence, we find that the verdict of guilty is amply supported by the testimony. Swearingen (who was killed by Allen, the prosecutor) and the defendant, Fouraker, as it appears from the evidence, had been making threats and endeavoring to provoke a difficulty with Allen, but had gone away. Allen's house had been shot into, and he had felt obliged to arm himself and take refuge in a darkened room. The conduct of the defendant and Swearingen, during the afternoon, had been such as tended to terrify Allen, who not only knew both men well, but was familiar with their voices. Allen had left his darkened room and returned to his storeroom, which was lighted, and was preparing to close up, when two men, whom he took to be Fouraker and Swearingen, started up his steps. He saw Swearingen's pistol and warned him to go back and lay down the pistol. As Swearingen would not grant this request, Allen, who had his gun leveled upon Swearingen, asked one Kilburn, who was in the store, to go around and get the pistol, and, just as he did so, Allen was shot by a gun from the outside, and almost immediately he fired his gun and Swearingen fell. From the circumstances testified to by all of the witnesses, no other inference could reasonably be drawn than that Fouraker was the man who shot Allen with a shotgun. Fouraker and Swearingen were together all of the afternoon, Fouraker with a double-barrel shotgun, and Swearingen with a pistol. They were inseparable, and both of them discharged their weapons repeatedly. No one else was connected with Swearingen in his disorderly conduct and in his attacks upon Allen; and it seems plain, as testified by one of the witnesses who heard the remarks of some one who was with Swearingen, that it was the intention of the defendant to have Swearingen "raise a row," whereupon he would do the killing. More than one witness swore to threats made by the defendant in connection with the prosecutor's refusal to sell certain goods to Swearingen on credit.

The evidence being circumstantial, the jury might have been authorized to acquit the defendant, if the evidence had pointed to any one other than this defendant as the man who fired the shot; but in our opinion the jury could not reasonably entertain any other supposition than that the defendant was the person who shot Allen, nor were they authorized, under the law, to find this

shooting to be any lesser offense than that of assault with intent to murder.

So far as the absence of the defendant during the trial is concerned, the point is not properly presented for our consideration. It is not made one of the grounds of the motion for new trial, and the only reference to the subject is in the brief of evidence, of which it forms no proper part.　　*Judgment affirmed.*