## 2806. PRATOR *v.* THE STATE.

A new trial will not be granted upon newly discovered evidence which is merely cumulative or impeaching; and especially should this rule not be relaxed when the newly discovered evidence is practically identical with testimony already adduced on the former trial, and there can be no reasonable probability that there will be a different result upon another trial.

DECIDED NOVEMBER 29, 1910.

Indictment for assault with intent to murder; from Upson superior court—Judge Reagan. June 3, 1910.

*Claude Worrill,* for plaintiff in error.

*J. W. Wise, solicitor-general,* contra.

RUSSELL, J.   Prator was indicted for assault with intent to murder, and convicted of shooting at another.  All grounds of the motion for new trial were apparently abandoned, except that of newly discovered evidence.  The newly discovered evidence is to the effect that one Harvey, the main witness for the prosecution and the person who was shot at, stated to the witness whose testimony is sought to be produced upon another hearing that he was starting to the defendant with his ax, and still advancing upon him (although repeatedly requested to stop), at the time that the defendant fired his pistol.  It does not appear from the affidavit of the newly discovered witness that Harvey was making any attempt to use his ax, or that he admitted that he intended to use it at the time that Prator shot him.  It is plain that this evidence is merely impeaching, and, therefore, affords no ground for the grant of a new trial.  Of course, there are some cases in which newly discovered testimony which is also impeaching may afford good ground for the grant of a new trial; that is, where material statements may be disproved by the newly discovered evidence; but a new trial should not be granted where, as in the present case, the testimony—even if its impeaching character be disregarded—is merely to the same effect as testimony already adduced on the previous investigation.  In the case at bar the jury not only had the statement of the defendant that Harvey was advancing upon him with the ax at the time that the defendant shot him, but there was positive testimony to that effect which was undisputed.  The jury gave the defendant the benefit of the most favorable theory which the testimony would support; that is, that there was a mutual intent to fight on the part of both of the parties to the quarrel.  Neither under the testimony as delivered upon the trial nor under newly discovered evidence could the defendant be justified in shooting Harvey by reason of the fact that he had an ax in his hand as he came towards the defendant, when he was too far off to use an ax, and when, according to the testimony, he was making no effort to do so.  The judge did not err in refusing a new trial.

*Judgment affirmed.*