### 4917.   WILLIAMS *v.* THE STATE.

RUSSELL, J.   1. As it appears from the record that the plaintiff in error filed a proper affidavit in forma pauperis, the motion to dismiss the writ of error is denied.

2. The court did not err in overruling the motion for a continuance, since it does not appear that any effort had been made to procure the attendance of the absent witness, either by subpœna or otherwise.

3. The evidence was sufficient to authorize the verdict of guilty. The witness saw the defendant accept from another person a quarter and a half dollar in money, and saw the defendant get a pint of whisky out of a carton in a corner of the warehouse and hand it to the person who had paid him the money. This, with the additional circumstance that the witness (who was the town marshal) immediately examined the carton and found therein four or five pints of whisky, and the fact that the carton was addressed in the name of the defendant, was sufficient to authorize the jury to infer that in accepting the money and handing the whisky in return, the defendant was consummating a sale.

4. The assignment of error as to the charge of the court as a whole, upon the ground "that the charge was too meager for the jury to understand their duty in the light of the law, and that the charge did not cover the issue made by the evidence," is too vague and indefinite to present anything for the consideration of this court.

5. The instruction of the court, that "the degree of proof necessary is that the facts and circumstances submitted to your consideration must be sufficient to satisfy your minds and consciences beyond a reasonable doubt that the defendant is guilty," sufficiently presented to the jury the doctrine of reasonable doubt as applied to the evidence submitted. There is no assignment of error based upon the ground that the court failed to instruct the jury that where circumstantial evidence alone is relied upon, the evidence must be sufficient to exclude every other reasonable hypothesis than that of the defendant's guilt.

6. The evidence authorized the verdict, and there was no error in refusing a new trial.          *Judgment affirmed.*

DECIDED AUGUST 12, 1913.

Indictment for misdemeanor; from Worth superior court—Judge Frank Park.   April 2, 1913.

*Payton & Nottingham,* for plaintiff in error.
*R. C. Bell, solicitor-general,* contra.