### 6460. Hayes *et al. v.* The State.

WADE, J. 1. The discretion of a trial judge in refusing a new trial on the ground of newly discovered evidence will not be controlled unless manifestly abused. *Tilley* v. *Cox*, 119 *Ga.* 867, 872 (47 S. E. 219). Where a motion for a new trial is based upon alleged newly discovered evidence, and affidavits are introduced, sustaining and disputing this ground of the motion, "the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses. A reviewing court will not in any such case control his discretion as to the comparative credibility of the witnesses who testified in support of the motion and those who swore to the contrary." *Fouraker* v. *State*, 4 *Ga. App.* 692 (62 S. E. 116).

2 It is well settled that evidence that a witness for the State made declarations since the trial that his testimony given upon the trial was false is not cause for a new trial, even though the declarations be made under oath (*Clark* v. *State,* 117 *Ga.* 254, 43 S. E. 853; *Jordan* v. *State,* 124 *Ga.* 417, 52 S. E. 768); and newly discovered evidence which merely goes to the credit of a witness, even though he be the sole witness upon whose evidence the verdict was returned, is not cause for a new trial. *Hunt* v. *State,* 81 *Ga.* 140 (5), 143 (7 S. E. 142).

3. The accused was convicted under section 781 of the Penal Code of the specific charge of cutting and maliciously injuring the wire fence of J. F. Stokes Jr., which was described as the wire fence around a certain field. The alleged newly discovered evidence tended to establish the fact that another and different fence from the one charged in the accusation was the fence actually cut. Without considering in this immediate connection the counter-showing, which tended to establish that the identical fence described in the accusation was the fence actually cut, it appears that by the exercise of ordinary diligence the accused or their counsel could probably have ascertained by an inspection of the premises between the date when the affidavit was sworn out (December 21, 1914) and the trial of the case (January 18, 1915) what wire fence had in fact been cut and partially destroyed by some person or persons. Then, too, in view of the counter-showing made in behalf of the State, it does not appear that the alleged newly discovered evidence would be likely to produce a different result on a second trial, especially since all the alleged admissions by the State's witness since the trial, as to the falsity of his evidence given on the trial, are emphatically denied by him.

4. The evidence authorized the verdict returned, and the court did not err in overruling the motion for a new trial.　　　*Judgment affirmed.*

DECIDED MAY 10, 1915.

Accusation of malicious mischief; from city court of Hazlehurst —Judge Grant. February 16, 1915.

*Gordon Knox,* for plaintiffs in error. *J. Mark Wilcox, solicitor,* contra.