7416. ·ROGERS *v.* THE STATE. ,

HODGES, J. 1. As to the exception to the remarks of the trial judge to counsel, this case is controlled by the decision in the case of *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184): "Where remarks are made by the trial judge to counsel in a criminal case in the hearing of the jurors, which counsel contend were of such a character as to prejudice the minds of the jurors hearing them against the cause of their client, they should either move for a postponement of the hearing in order that other jurors may be impaneled than those present when the remark is made, or, if the jurors have actually been selected and impaneled to try the particular case, a motion should be made to have a mistrial declared; and upon the judge's refusal to grant a motion of the character indicated, his ruling would be subject to review. Counsel, having failed to make such motion and having proceeded without objection with the trial, can not, after conviction, raise the question as to prejudicial nature of the remarks complained of, in a motion for a new. trial."

2. The trial judge has a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a reviewing court, unless it is abused. *Fouraker* v. *State,* 4 *Ga. App.* 692 (62 S. E. 116). It does not appear that the trial judge abused his discretion in this case by preventing counsel from exercising in behalf of the defendant the right of thorough and sifting cross-examination, and the complaint to that effect in the amendment to the motion for a new trial is not justified by the record.

3. The remaining assignments of error are without merit.

*Judgment affirmed.*

DECIDED JUNE 28, 1916. REHEARING DENIED JULY 17, 1916.

Indictment for misdemeanor; from Cobb superior court—Judge Patterson. March 18, 1916.

*Mozley & Gann, H. B. Moss,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.