## 9265.  CHAMPION *v.* THE STATE.

1. Testimony showing that the conduct of the prosecutrix was good, offered by the State in rebuttal, for the purpose of sustaining her character for chastity, after it had been attacked by evidence offered in behalf of the defendant, was admissible for that purpose.
2. Testimony of the aunt of the prosecutrix, that she had practically raised the girl, and that the latter would come to the house of the witness and call it her home, which was offered in rebuttal by the State, for the purpose of sustaining the character of the prosecutrix, was admissible for the purpose of showing the knowledge of the witness as to the character and conduct of the prosecutrix.
3. It was complained that the court refused to permit the defendant's counsel to argue to the jury as to the conduct of the solicitor-general in offering to introduce evidence to show that the prosecutrix was an orphan, which evidence was objected to by the defendant's counsel and ruled out by the court.  Generally, whatever occurs in the presence of the jury as a part of the history of the trial, such as the conduct of the parties and of witnesses during the trial of the case, is a matter of legitimate discussion by counsel in argument to the jury; but this court is not prepared to say that under the circumstances of this case the trial judge committed error in controlling the argument.  If error at all, it was not such as would require the grant of a new trial.
4. The State having made a counter-showing to the alleged newly discovered evidence, this court can not say that the trial judge abused his discretion in overruling the grounds of the motion for a new trial based on such evidence.
5. The verdict was authorized by the evidence, and the court did not err in overruling the general grounds of the motion for a new trial.

DECIDED JANUARY 22, 1918.

Indictment for seduction; from Gordon superior court—Judge Tarver.  September 29, 1917

*Maddox, McCamy & Shumate,* for plaintiff in error.

*Joseph M. Lang, solicitor-general, A. L. Henson,* contra.

HARWELL, J.  The defendant was tried and convicted of the offense of seduction, his motion for a new trial was overruled, and he excepted.  Three of the grounds of the motion are based upon newly discovered evidence, by which it is sought to attack the chastity of the prosecutrix and to show that she was not a virtuous female.  This newly discovered evidence is set out in the affidavits of three witnesses, Bowen, Taylor and Yearwood.  There are supporting affidavits as to their credibility, and affidavits of the defendant and his counsel showing diligence and want of knowledge of this testimony before the trial.  However, there are no supporting affidavits as to the residence, associates, and means

of knowledge of the new witnesses; and even if the evidence alleged to be newly discovered was sufficient to authorize the grant of a new trial, the failure to attach such affidavits would prevent that result from being reached in the present case. *Hatcher* v. *State*, 116 *Ga.* 617, 621 (42 S. E. 1018); *Phillips* v. *State*, 138 *Ga.* 815 (2) (76 S. E. 352). These witnesses were sworn at the hearing of the motion and were examined before the court, and the stenographic report of their testimony is in the record. The State, at the hearing of the motion, offered counter-affidavits contradicting the testimony given by these witnesses, and also testimony impeaching in its character. It is not necessary to discuss the testimony offered by the defendant in support of the motion, and that offered by the State controverting it and tending also to impeach the witnesses upon whose testimony the newly discovered evidence was based. Upon the hearing of a matter of this kind the trial judge becomes the trior of the facts, and it is in his discretion to refuse or to grant the new trial. *Fouraker* v. *State*, 4 *Ga. App.* 692 (62 S. E. 116); *Hayes* v. *State*, 16 *Ga. App.* 334 (85 S. E. 253). We can not say in this case that the trial judge, in refusing to grant a new trial upon this alleged newly discovered evidence, abused his discretion. The most important evidence submitted was the testimony of a boy named Yearwood, who testified to an alleged act of sexual intercourse by the prosecutrix. If the testimony offered by the State in rebuttal of Yearwood's statement and impeaching Yearwood is to be believed, this witness was thoroughly discredited. At any rate the trial judge had these witnesses before him where he could observe them and their manner on the stand, and evidently he did not think that the testimony was such as would authorize the grant of a new trial, and this court can not say that he erred in his refusal to grant a new trial upon the ground of the alleged newly discovered evidence. Penal Code (1910), § 1088; *Potter* v. *State*, 12 *Ga. App.* 315 (77 S. E. 186). The headnotes dealing with other questions in the case require no elaboration.

*Judgment affirmed.* *Broyles, P. J., and Bloodworth, J., concur.*