## 10104.   CRUMLEY *v.* THE STATE.

1. Refusal to grant a new trial because of alleged newly discovered evidence,
which in a counter-showing is contradicted by other evidence, is a mat-
ter as to which this court can not hold that there was an abuse of the
discretion of the trial judge.

2. Declarations of the deceased, to the effect that he was shot by the
defendant, and that the defendant killed him for nothing when he was
trying to get a gun away from the defendant, were, under the circum-
stances shown by the evidence, admissible as a part of the res gestæ.

3. In the charge of the court as to the weight to be given by the jury to
alleged declarations of the deceased there was no error harmful to the
defendant.

DECIDED JANUARY 23, 1919.

Conviction of manslaughter; from Wilcox superior court—Judge
Crum.   September 3, 1918.

The charge referred to in the decision was as follows: "Certain evidence as to alleged declarations of the deceased in this case has been admitted for your consideration. Those alleged declarations are not admitted for your consideration as dying statements, and should not be considered by you as such. However, a section of the code of this State declares that declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, are admissible in evidence as part of the res gestæ. Before you should consider or give weight to such declarations, you should first find from the evidence in the case that such declarations, if made at all, were declarations accompanying the particular act under investigation, or were so nearly connected therewith in time as to be free from all suspicion of device or afterthought."

*H. A. Hodges, Hal Lawson,* for plaintiff in error.

*J. B. Wall, solicitor-general, M. B. Cannon, Max E. Land,* contra.

BLOODWORTH, J. 1. "The State having made a counter-showing to the alleged newly discovered evidence, this court can not say that the trial judge abused his discretion in overruling the grounds of the motion for a new trial based on such evidence." *Champion* v. *State,* 21 *Ga. App.* 656 (4), and cit. (94 S. E. 828); *Cohen Co.* v. *Brown,* 21 *Ga. App.* 668 (94 S .E. 811); *Blount* v. *State,* 18 *Ga. App.* 204 (4) (89 S. E. 78); *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 688).

2. Complaint is made that the only eye-witness to the difficulty which resulted in the homicide was allowed to testify that, after the shooting, "Mr. Crumley turned and left and went back across the bridge, the other way from where the shooting was done. I went down there then to where Mr. Fitzgerald was. He didn't get up; he still lay right there. When I was looking at the place where he was shot, Mr. Fitzgerald told me that he was shot bad, that he was killed, and he told me to go and get him some water, and I went and got him a hat of water and gave it to him, and he had taken a bad spell of throwing up, and after that it seemed like he revived up a little from what he was. When I was talking to Mr. Fitzgerald about I hoped he would be all right he says, 'No, he has killed me;' and he says, 'You know he has killed me for nothing,'—said 'when I was trying to get that gun away from him.'" It appears from the evidence in the record that at the

time of the shooting the witness was about 25 feet from the participants; that the shooting occurred on the road near a bridge over a creek where there is a "fill;" that after the last shot the deceased fell and rolled down the embankment, and then occurred what is quoted above. It is true that the evidence does not show how long in minutes after the shooting the words complained of were uttered by the deceased, but it does appear that they were uttered almost immediately thereafter, and while his wound was being examined by the witness; and they seem to have been "natural and spontaneous", a part of the transaction, "free from all suspicion of device or afterthought," "an outburst of the feelings, and not a mere narration of a past event." In the decision in the case of Louisville etc. Ry. Co. *v.* Buck, 116 Ind. 566 (19 N. E. 453, 2 L. R. A. 520, 9 Am. St. R. 883), it is said: "It is not always easy to determine when declarations having relation to an act or transaction should be received as part of the *res gestœ,* and much difficulty has been experienced in the effort to formulate general rules applicable to the subject. This much may, however, be safely said: that declarations which were the natural emanations or outgrowths of the act or occurrence in litigation, although not precisely concurrent in point of time, if they were yet voluntarily and spontaneously made so nearly contemporaneous as to be in the presence of the transaction which they illustrate and explain, and were made under such circumstances as necessarily to exclude the idea of design or deliberation, must, upon the clearest principles of justice, be admissible as part of the act or transaction itself." To support this proposition a large number of cases are cited. The courts of final resort in a number of States have held that a condition of severe bodily injury, unmitigated by medical or other attendance, makes it probable that a statement made while this condition continues is spontaneous. We therefore hold that the court did not err in allowing in evidence, as a part of the res gestæ, the statements of the deceased, of which complaint is made, especially under the charge of the court in reference thereto. "When the precise time which intervened between the homicide and the statements can not be ascertained, it may be left to the jury to determine whether they were made without premeditation or artifice, and without a view to the consequences, or were merely made to color the transaction." *Hart* v. *Powell,* 18 *Ga.* 635. That

decision was followed and cited in City of Galveston *v.* Barbour, 62 Tex. 172 (50 Am. R. 519).

3. The statements of the deceased having been properly admitted in evidence, the weight to be given them is a matter for determination by the jury, and there was no error harmful to the defendant in the excerpt from the charge complained of in the 6th ground of the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*