### 12885. McKENZIE v. THE STATE.

1. An objection to the admission of evidence, upon the ground merely that it is " inadmissible," is equivalent to assigning no reason at all for its exclusion.

2. A ground of a motion for a new trial excepting to the exclusion of testimony but not showing why it was excluded and not stating why its exclusion was error is not in proper form for consideration.

3. Slight inaccuracies in the charge of the court, not likely to mislead the jury and cause them to render a verdict contrary to the facts and the general tenor of the charge, which fully and correctly stated the issues and in such a way as not to be prejudicial to the excepting party, are not cause for a new trial.

4. The requests to charge, so far as legal and pertinent, were covered by the charge given.

5. The doctrine of reasonable fears was fully and clearly given in charge.

6. The exception to the charge of the court as a whole, as being disconnected and confusing, is too general and indefinite to present any question for determination by this court. The charge, taken as a whole, lays down the law correctly and is clear enough to be understood by a jury of ordinary capacity.

7. The alleged newly discovered evidence is cumulative, and, moreover, was met by a counter-showing, and this court can not say that the trial judge abused his discretion in refusing to grant a new trial on account of such evidence.

DECIDED DECEMBER 14, 1921. REHEARING DENIED JANUARY 17, 1922.

Conviction of manslaughter; from Effingham superior court — Judge Strange. August 23, 1921.

*C. T. Guyton, H. R. Tarver Jr., J. H. Smith, P. D. Shearouse, Overstreet & Overstreet,* for plaintiff in error.

*A. S. Anderson, solicitor-general, Oliver & Oliver,* contra.

BLOODWORTH, J. 1. The first ground of the amendment to the motion for a new trial complains that certain evidence was illegally admitted to the jury, and the only objection made to this evidence at the time, as stated in the motion, was that it was " inadmissible." In *Andrews v. State,* 118 *Ga.* 1 (43 S. E. 852), the Supreme Court held that " All evidence is admitted as of course, unless a valid

ground of objection is interposed, the burden being on the object-
ing party to state at the time some specific reason why it should
not be admitted. A failure to make such objection will be treated
as a waiver, and prevent the court, on a motion for a new trial,
from inquiring as to the competency of the evidence." In
*McDonald* v. *State*, 21 *Ga. App.* 125 (6), 126 (94 S. E. 262),
this court held that "A ground of a motion for a new trial com-
plaining of the admission of testimony must show the grounds of
objection urged by the movant at the time the evidence was of-
fered. An objection to the admission of evidence upon the ground
merely that it is inadmissible is equivalent to assigning no reason
at all for its exclusion." See also *Scarboro* v. *State*, 24 *Ga. App.*
27 (3), 28 (99 S. E. 637). These rulings dispose of this ground
of the motion for a new trial. However, under all the facts of the
case, the court did not err in admitting the evidence, of which
complaint is made.

2. "A ground of a motion for a new trial excepting to the ex-
clusion of testimony but not showing why it was excluded and
not stating why its exclusion was error is not in proper form for
consideration." *Summerlin* v. *State*, 25 *Ga. App.* 568 (1 *b*) (103
S. E. 832). See cases cited on page 572. Under this ruling
grounds 2, 3, 4, and 5 of the amendment to the motion for a
new trial, present nothing for consideration by this court.

3. Conceding that there are slight inaccuracies of expression and
minor errors in the charge, these are not of such materiality as to
require the grant of a new trial. There is nothing in these errors
and inaccuracies that would likely mislead the jury and cause
them to render a verdict contrary to the facts and the general
tenor of the charge, which fully and correctly stated the issues in
the case and in such a way as not to be prejudicial to the cause
of the defendant. *Atlantic Coast Line R. Co.* v. *Jones*, 132 *Ga.*
189 (7), 190 (63 S. E. 834) ; *Georgia Railroad* v. *Thomas*, 73 *Ga.*
350; *Wade* v. *State*, 65 *Ga.* 756 (3) ; *Wise* v. *State*, 34 *Ga.* 348
(3) ; *Cook* v. *State*, 22 *Ga. App.* 770 (13, 14) (97 S. E. 264).

4. In several of the grounds of the motion for a new trial error
is alleged because the court refused to charge the jury in ac-
cordance with certain written requests. As far as legal and per-
tinent these requests were covered by the charge given. "Where
the court has fully and fairly submitted in his charge to the jury

the law applicable to the whole case, he is not bound to give any further charge, however proper ·or legal." *Georgia Railroad* v. *Thomas,* 73 *Ga.* 350 (2).

5. It is complained that the court failed to charge the jury " as to the doctrine of reasonable fears and giving them an explanation of the principle in an intelligent and connected manner so the same could be clearly understood." An examination of the charge will show that there is no merit in this ground of the motion, as the court did charge fully and clearly on this subject.

6. It is complained that " the charge of the court is disconnected, badly mixed, and badly confusing throughout, and instead of giving the jury a clear conception of the principles involved in the case, it confused the minds of the jurors, and they could not get from ·the charge a clear conception of the principles governing and controlling the case." This criticism of the charge as a whole is too vague, general, and indefinite to present any question for determination by this court. *Bond* v. *Sullivan,* 133 *Ga.* 161 (65 S. E. 376, 134 Am. St. R. 199) ; *Atlantic Coast Line R. Co.* v. *Jones,* 132 *Ga.* 191 (2) (supra) ; *Atlantic Coast Line R. Co.* v. *Nellwood Lumber Co.,* 21 *Ga. App.* 209 (2) (94 S. E. 86) ; *Williams* v. *State,* 13 *Ga. App.* 179 (4) (78 S. E. 1012). " It has been frequently ruled that a general exception to an entire charge will not be considered unless the whole charge be unsound. *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 500 [33 S. E. 644]." *Newman* v. *Day,* 108 *Ga.* 813 (2) (34 S. E. 167). The whole charge, taken together, lays down the law correctly, and it is sufficiently clear to be understood by jurors of ordinary capacity and understanding.

7. The last ground of the motion for a new trial is based upon alleged newly discovered evidence. That this evidence is cumulative is shown by the brief of counsel for plaintiff in error, where they say: " The newly discovered testimony, as set forth in the twenty-first ground of the amended motion, completely bears out and sustains the contentions of defendant and his father, that he was unhitching his horse to go home and had abandoned the ּfight, when the deceased and his sister resumed the fight and made a new attack upon defendant and his father." " The contentions of defendant and his father " were supported by the statement of the former and the evidence of· the latter. " Newly discovered

evidence of the same kind as that which was used on the trial, and going to the same point, is cumulative, and will not require the grant of a new trial." *McKinnon* v. *Henderson, 145 Ga.* 373 (3) (89 S. E. 415) ; *Brinson* v. *Faircloth, 82 Ga.* 185 (7 S. E. 923) ; *Prator* v. *State, 8 Ga. App.* 436 (69 S. E. 496) ; Penal Code (1910), § 1088. In addition the State made a counter-showing, and in *Champion* v. *State,* 21 *Ga. App.* 665 (4) (94 S. E. 828), this court said : " The State having made a counter-showing to the alleged newly discovered evidence, this court cannot say that the trial judge abused his discretion in overruling the grounds of the motion for a new trial based on such evidence." " The discretion of a trial judge in refusing a new trial on the ground of newly discovered evidence will not be controlled unless manifestly abused. *Tilley* v. *Cox,* 119 *Ga.* 867, 872 (47 S. E. 219). Where a motion for a new trial is based upon alleged newly discovered evidence, and affidavits are introduced, sustaining and disputing this ground of the motion, ' the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses. A reviewing court will not in any such case control his discretion as to the comparative credibility of the witness who testified in support of the motion and those who swore to the contrary.' *Fouraker* v. *State,* 4 *Ga. App.* 692 (62 S. E. 116)." *Hayes* v. *State,* 16 *Ga. App.* 334 (85 S. E. 253). *Atlanta Consolidated Street Railway Co.* v *McIntire,* 103 *Ga.* 568 (2) (29 S. E. 766).

8. The evidence is ample to support the verdict, which is approved by the trial judge, and this court will not interfere.

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. I do not concur in the judgment of affirmance in this case. I dissent especially from the ruling in the 2d division of the decision. The grounds of the motion for a new trial referred to in that ruling were sufficiently presented for consideration. Where the exclusion of evidence is complained of in a ground of a motion for a new trial, error is sufficiently shown when it is shown that the excluded evidence was legal. It makes no difference upon what ground such testimony may have been excluded, whether upon the order of the court without motion therefor, or whether upon the objection of opposing counsel. The error

assigned is not the overruling of an objection to the *introduction* of evidence, where by precedent it is necessary to present the grounds of objection urged at the time.