## 12886. McKENZIE v. THE STATE.

1. The court stenographer's testimony as to what the defendant testified on the trial of a codefendant was not inadmissible.
2. Prejudicial remarks of the judge or counsel in the hearing of the jury, where no motion for a mistrial was made, are not cause for a new trial.
3. The alleged errors in the charge of the court were not of such materiality as to require a new trial.
4, 5. The instructions requested were sufficiently covered by the charge of the court.
6. The alleged newly discovered evidence was cumulative, and besides was met by counter-affidavits; and the discretion of the trial judge in determining as to the credibility of the conflicting affidavits will not be controlled by this court.
7. Disqualification of a juror did not, under the facts of the case, result from his relationship to a town marshal who swore out a warrant for the arrest of the defendant.

  DECIDED DECEMBER 15, 1921. REHEARING DENIED JANUARY 17, 1922.

Conviction of manslaughter; from Effingham superior court — Judge Strange. August 23, 1921.

As to the stenographer's testimony referred to in the first paragraph of the decision, the motion for a new trial says: "It is admitted, and the witness so stated, that this testimony was taken down by him and was at his home or office at Statesboro, in the adjoining county of Bulloch, and was in existence and in writing, and could have been sent for. Movant objected to the admission of said testimony at the time the same was offered, and then and there did urge the following ground of objection, to wit: because the testimony as reported by the stenographer, being in existence and in writing, was the highest and best evidence as to what the witness testified, in that it was better and more reliable than the stenographer's memory of what the witness might have testified."

*C. T. Guyton, H. R. Tarver Jr., J. Hartridge Smith, Paul D. Shearouse, Overstreet &. Overstreet,* for plaintiff in error.

*A. S. Anderson, solicitor-general, Oliver & Oliver,* contra.

BLOODWORTH, J. 1. Under the particular facts of this case, the court, as against the objections urged thereto, did not err in allowing F. B. Thigpen, the stenographer who reported the testimony on the trial of Frank McKenzie, who was jointly indicted with the defendant, to testify as follows: " I reported the testimony on the former trial of this case, when Frank McKenzie was tried. I heard the testimony of W. J. McKenzie. I recall what W. J. McKenzie said about putting a pistol in his buggy. It is my recollection that Mr. McKenzie, after having stated that he had been attacked on a night previous to that, as a matter of precaution, as he was going to Guyton to meet a sister, who he said was coming to his home, and to get an ear-syringe for a daughter, that he put the pistol in his buggy, in the foot of the buggy, between the folds of the lap robe." See, in this connection, *Smith* v. *State,* 72 *Ga.* 114; *Smith* v. *State,* 147 *Ga.* 689, 692, 694 (95 S. E. 281).

2. A ground of the motion for a new trial is based upon certain remarks alleged to have been made in the hearing of the jury by the presiding judge and one of the attorneys representing the State. Even if it be conceded that these remarks were prejudicial, they would not require the grant of a new trial, as there was no motion for a mistrial. *Woodall* v. *State,* 25 *Ga. App.* 8 (3) (102 S. E. 913) ; *Grigg* v. *State,* 22 *Ga. App.* 637 (2) (96 S. E. 1049). The judge did not express an opinion as to what had or had not been proved, and it is not pointed out in what way what was said by court and counsel was prejudicial to the cause of defendant. The plaintiff in error must affirmatively show error. *Stapleton* v. *State,* 19 *Ga. App.* 38 (11) (90 S. E. 1029).

3. Conceding that there are slight inaccuracies of expression and minor errors in the charge, these are not of such materiality as to require the grant of a new trial. There is nothing in these errors and inaccuracies that would likely mislead the jury and cause them to render a verdict contrary to the facts and the general tenor of the charge, which fully and correctly stated the issues in the case and in such a way as not to be prejudicial to the cause of the defendant. *Atlanta Coast Line R. Co.* v. *Jones,* 132 *Ga.* 190 (7) (63 S. E.

834) ; *Georgia Railroad* v. *Thomas,* 73 *Ga.* 350 ; *Wade* v. *State,* 65 *Ga.* 756 (3) ; *Wise* v. *State,* 34 *Ga.* 348 (3) ; *Cook* v. *State,* 22 *Ga. App.* 770 (13, 14), (97 S. E. 264).

4. In several of the grounds of the motion for a new trial error is alleged because the court refused to give certain requested instructions to the jury. As far as legal and pertinent, these requests were covered by the charge given. " Where the court has fully and fairly submitted in his charge to the jury the law applicable to the whole case, he is not bound to give any further charge, however proper or legal." *Georgia Railroad* v. *Thomas,* 73 *Ga.* 350 (2).

5. It is alleged that the court erred " in failing throughout the entire charge to give to the jury an explanation of the doctrine of reasonable fears, and how and in what way such fears might be considered in determining whether or not the defendant was guilty of any offense." An examination of the charge will show that the court did charge fully and correctly on this subject.

6. One of the grounds of the motion for a new trial is based upon alleged newly discovered evidence. That this evidence is cumulative is admitted in the brief of counsel for the plaintiff in error. " Newly discovered evidence of the same kind as that which was used on the trial, and going to the same point, is cumulative, and will not require the grant of a new trial." *McKinnon* v. *Henderson,* 145 *Ga.* 373 (3) (89 S. E. 415). *Brinson* v. *Faircloth,* 82 *Ga.* 185 (1) (7 S. E. 923) ; *Pralor* v. *State,* 8 *Ga. App.* 436 (69 S. E. 496) ; Penal Code (1910), § 1088. In addition the State made a counter-showing, and in *Champion* v. *State,* 21 *Ga. App.* 656 (4) (94 S. E. 828), this court held : " The State having made a counter-showing to the alleged newly discovered evidence, this court cannot say that the trial judge abused his discretion in overruling the grounds of the motion for a new trial based on such evidence." " The discretion of a trial judge in refusing a new trial on the ground of newly discovered evidence will not be controlled unless manifestly abused. *Tilley* v. *Cox,* 119 *Ga.* 867, 872 (47 S. E. 219). Where a motion for a new trial is based upon alleged newly discovered evidence, and affidavits are introduced, sustaining and disputing the ground of the motion, ' the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory

witnesses. A reviewing court will not in any such case control his discretion as to the comparative credibility of the witnesses who testified in support of the motion and those who swore to the contrary.' *Fouraker* y. *State,* 4 *Ga. App.* 692 (62 S. E. 116)." *Hayes* v. *State,* 16 *Ga. App.* 334 (1) (85 S. E. 253); *Atlanta Consolidated Street Railway Co.* v. *McIntire,* 103 *Ga.* 568 (2) (29 S. E. 766).

7. Where a town marshal, acting in his official capacity, arrested a party accused of a crime, and, acting upon the advice of an attorney that it was necessary to have a warrant in order that he might hold the accused, swore out a warrant for this purpose, and, in·an affidavit made on the motion for a new trial, swore that he had not acted. as prosecutor in the case, had nothing to do with the employment of counsel, and was not a partisan in the trial, but attended court merely as a witness who had been subpœnaed, and where the name of another person, and not that of this town marshal, appears upon the indictment as prosecutor, the marshal was a mere nominal prosecutor, and a juror who was related to him was not, because of this relationship, disqualified to sit as a juror on the trial of the case.

8. No error of law is pointed out as having been made on the trial of the case; there is evidence to support the verdict, which has the approval of the presiding judge, and the judgment will not be interfered with.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*