14951.   CASWELL v. THE STATE.

1. The ground of the motion for a new trial based upon newly discovered
evidence as to a threat of the deceased against the accused was properly
overruled.

2. A new trial will not be granted on newly discovered evidence where the
sole effect of such evidence is to discredit a witness.   Moreover, in this

case the State made a counter-showing, and this court will not say that the judge abused his discretion in determining as to the credibility of the alleged newly discovered evidence.

⸱ DECIDED NOVEMBER 15, 1923.

Conviction of manslaughter; from Heard superior court—Judge Roop. July 13, 1923.

*J. R. Terrell, Smith & Millican,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general, D. B. Whitaker,* contra.

BLOODWORTH, J. 1. The motion for a new trial in this case contains two special grounds, each of which is based upon newly discovered evidence. The newly discovered evidence in the first of these grounds is that of a threat made by the deceased against the plaintiff in error, in which the former is alleged to have said that he was going to kill the latter. One of the firmly fixed rules ⸱ of practice in this State is that each special ground of a motion for a new trial must be complete within itself. A new trial will not be granted on such a ground unless, without reference to any other portion of the record, it shows reversible error. It is also well established by repeated rulings of the Supreme Court that "as a preliminary foundation to the admissibility of an uncommunicated threat by the deceased against the defendant, it must be shown that the deceased was the assailant in the fatal encounter, or did some overt act showing an intention to carry that threat into execution." *Vincent* v. *State,* 153 *Ga.* 291 (112 S. E. 120), and cases cited. In the *Vincent* case, just referred to, the Supreme Court said: "When the evidence leaves it doubtful as to which of the parties began the mortal combat, and there is testimony tending to show that the slayer killed his adversary in self-defense, evidence of this character may be received to show the state of mind or feeling on the part of the deceased, and thus illustrate his conduct and throw light upon his intention and purpose in the fatal encounter." The ground of the motion for a new trial now under consideration fails to show that under the ruling in the foregoing cases the alleged threat would be admissible, and this court is not required to "wade through the entire record" to ascertain this fact. If the newly discovered evidence is not shown to be admissible, a new trial should not be granted because of it. When applications for new trials are made on this ground it is one of the cardinal rules that the newly discovered evidence must be "so material that

it would probably produce a different verdict if a new trial were granted." This result would hardly follow in this case when the verdict rendered and all the facts are considered. In addition to the above, as is well known, the granting of new trials on the ground of newly discovered evidence is not favored by the courts, and "the discretion of a trial judge in refusing a new trial on such grounds will not be controlled unless manifestly abused. *Tilley* v. *Cox*, 119 *Ga.* 867, 872 (47 S. E. 219)." *Hayes* v. *State*, 16 *Ga. App.* 334 (85 S. E. 253).

2. The other special ground of the motion for a new trial is based upon the alleged newly discovered evidence of Harvey Gordon. The only effect of this evidence would be to contradict the evidence of witness Summerlin. "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted." *Key* v. *State*, 21 *Ga. App.* 795 (1) (95 S. E. 269). Moreover, as to this evidence the State made a counter-showing, and when this is done "the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses. A reviewing court will not in any such case control his discretion as to the comparative credibility of the witnesses who testify in support of the motion and those who swear to the contrary." *Fouraker* v. *State*, 4 *Ga. App.* 692 (1) (62 S. E. 116); *Jordan* v. *State*, 120 *Ga.* 864 (5) (48 S. E. 352); *Wilcher* v. *State*, 118 *Ga.* 196 (2) (44 S. E. 995); *Mitchell* v. *White*, 74 *Ga.* 328 (5).

3. In the brief of counsel for plaintiff in error the general grounds of the motion for a new trial are expressly abandoned.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*