## 22902. SANDS v. THE STATE.

BROYLES, C. J. 1. The evidence set forth in the motion for a new trial (the testimony of a witness for the State reciting certain statements made to him previous to the trial by a witness who afterwards testified for the defendant; and the statements being contradictory to the evidence of the witness for the defense and relating to matters relevant to the case) was admissible for the purpose of impeaching a witness for the defense, although the statements were not made in the presence of the accused. (Of course, such statements were not admissible to show the guilt of the defendant.) Penal Code (1910), § 1052; *Jordan* v. *State,* 120 *Ga.* 864 (2) (48 S. E. 352), and cit.

2. When the evidence referred to above was offered, counsel for the defendant objected to it on the ground that the alleged contradictory statements of the witness were not made in the presence of the accused, and that they were hearsay and irrelevant. The court replied, in the presence and hearing of the jury, that they would be admissible for the purpose of impeaching the witness, and admitted the evidence. The motion for a new trial alleges error on the failure of the court to charge the jury specifically that the evidence was admitted solely for the purpose of impeaching the witness and not as primary evidence against the defendant. The jury must have understood from the colloquy between the court and movant's counsel that the evidence was so admitted; and, in the absence of a timely and appropriate written request, the failure of the court so to instruct the jury does not require a reversal of the judgment. See, in this connection, *Long* v. *State,* 127 *Ga.* 350 (4) (56 S. E. 444); *Lewis* v. *State,* 129 *Ga.* 731 (3) (59 S. E. 782).

3. The evidence, even without the testimony objected to, authorized the verdict, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 14, 1933.

W. S. Florence, for plaintiff in error.
C. S. Baldwin Jr., solicitor-general, contra.