37638. HARRISON *et al. v.* REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA.

DECIDED JUNE 15, 1959—REHEARING DENIED JULY 1, 1959.

*L. D. Skaggs*, for plaintiffs in error.

*Stephens, Fortson, Bentley & Griffin, Robert G. Stephens, Jr., Eugene Cook, Attorney-General, John Sammons Bell*, contra.

QUILLIAN, Judge. ■ Grounds 4, 5, 6, and 7 of the amended motion for new trial complain that the trial judge did not permit questions propounded on cross-examination by counsel for the condemnees to the condemnor's witnesses, Mr. W. Lee Bradberry and Mr. Monroe Butler, to be answered. Grounds 4, 5, and 6 relate that the witness, Bradberry, had testified on direct examination as follows: "Q. Will you state your name please? A. W. Lee Bradberry. Q. Are you in the real-estate business here in Athens? A. Yes, sir. Q. Mr. Bradberry, how long have you been in the real-estate business in Athens? A. For myself since 1932,—26 years. Q. When you say in business for yourself since 1932—were you in real-estate business before that? A. I worked with H. O. Epting Company for about two years. Q. During the course of your activities as a real-estate

man, did you have occasion to do appraisal work? A. Yes, sir. Q. Have you had appraisal work for lending agencies? A. Yes. Q. Have you had appraisal work for prospective purchasers of property? A. Yes. Q. Have you had appraisal work for condemnation proceedings? A. Yes. Q. Have you specialized in any particular field of appraisal? A. No, except you might say in residential and commercial. Q. Do you know of anything else it doesn't cover? A. Farms, I have done, but not much."

The record shows that on cross-examination the witness had professed to be a free lance, an independent appraiser. In this behalf he testified: "My services are available to the general public and I charge a separate fee for each appraisal." Counsel for the condemnees cross-examined the witness further on this point in an effort to elicit answers which would tend to show the witness had uniformly acted only as an appraiser for condemnors. The questions propounded were: "Mr. Bradberry, in December 1957 were you appointed as the assessor for the Georgia Power Company proceedings in an easement across the land of some Winston people out here in the rural area of Clarke County? Have you had appraisal work for condemnation proceedings? When was the last time you acted as an assessor for the condemnee?"

The objection to these questions was that they were not relevant or pertinent to the issues of the case. They were excluded on that ground alone. Thus the witness still left the impression that his services were available to condemnor and condemnee alike.

With much clarity and particularity, counsel for the condemnees at the time the questions were asked, informed the court that his purpose of cross-examining the witness concerning his previous services in condemnations was: "Your Honor, I intend to prove by this line of questioning that Mr. Bradberry has been appointed assessor for the condemnors in every condemnation proceeding in Clarke County, except one, from this case on back to 1949, for the purpose of showing bias and prejudice on the part of Mr. Bradberry for the condemnors.

"May it please the Court, when this same line of questioning was offered before, it was offered for showing bias and prejudice

on the part of the witness. I am now offering this line of questioning for the purpose of attacking the credibility of the witness. In this particular case I have the facts in front of me to offer in evidence to show that Mr. Bradberry has been appointed as assessor in every case in Clarke County from today on back to 1949 as the assessor for the condemnor in every single case, and that would attack the credibility of this witness to show that had he not been low on his appraisal the condemnors would not have consistently taken him for their appraiser."

Ground 7 shows that the witness Mr. Monroe Butler had on direct examination testified: "Q. Have you made appraisals for condemnors and condemnees? A. Yes, I have made them both ways. Q. I would like to ask you if it was in December 1957, it was one of these condemnation cases, that you acted as an assessor on, was for some rural property for Georgia Power Company?"

The court refused to permit the witness to answer this question propounded on cross-examination, "Q. I would like to ask you if it was in December 1957, it was one of these condemnation cases, that you acted as an assessor on, was for some rural property for Georgia Power Company?" Counsel for the condemnee stated to the court the purpose of the question. "Your Honor, Mr. Stephens, on direct examination, asked this witness if he had acted as appraiser in condemnation cases; he asked him if he had acted as an assessor or appraiser for the condemnors and for the condemnees; he has opened this evidence in court himself and now he is objecting because on cross-examination we are attempting to find out about these points that he himself has offered in evidence. On cross-examination we are entitled to a thorough and sifting cross-examination of any evidence that he offers in the court, and we respectfully request that we be allowed to proceed with this cross-examination."

Since the condemnor's witnesses were on cross-examination it is not necessary that the condemnees' grounds of motion for new trial, in order to meet technical requirements, show what answers were expected of the witnesses, whether the facts to which they would testify would be relevant to the issues of the case, that the exclusion of the questions and answers was prejudicial, or

that any error was committed except that the movant was denied his right to thorough and sifting cross-examination. *Trammell v. Shirley,* 38 *Ga. App.* 710, 717 (145 S. E. 486); *Tillman* v. *Bomar,* 134 *Ga.* 660 (2a) (68 S. E. 504); *Griffin* v. *Henderson,* 117 *Ga.* 382 (2, 3) (43 S. E. 712).

This is not a case in which the trial judge exercised his discretion in curtailing prolonged cross-examination, but one in which the judge would not permit the witnesses to answer questions propounded to them on cross-examination for the reason that the information sought to be elicited from the witnesses was not pertinent to the sole issue of the case.

The questions asked by condemnees' counsel related to the exact matter concerning which the witnesses were interrogated on direct examination; that matter was the qualification of the witnesses to testify concerning the value to be placed on the property of the condemnee taken by the condemnor in proceedings instituted for the purpose. While the value of the land was the only issue in the case, the issue was to be determined by considering the value placed on it by the witnesses. The weight and credit of the witnesses' testimony was pertinent and material, in fact, of paramount importance, in deciding the value of the property and the amount of the condemnees' recovery.

Under the provisions of Code § 38-107 the witnesses' interest or want of interest in the result of the case must be considered by the jury in determining where the preponderance of evidence lies. If the witnesses Bradberry and Butler were regularly employed by condemnors, the jury might find that it was to their interest that the condemnors prevail in the case then being tried, and that their evidence was calculated to be of value in accomplishing that end. This is true for the reason that such result would probably influence the future patronage of other condemnors. The court does not intimate that the witnesses were unfair or untruthful, but simply that it was the right of the jury to consider, and the privilege of the condemnees to bring that out on cross-examination.

The scholarly trial judge erred in permitting the condemnor to ask questions as to experience and qualifications of the witnesses to place a value upon the condemnees' property and then

denying to the condemnee the right to examine these same witnesses upon the very same point.

■ In view of the ruling made in the foregoing division, the case must be remanded for a new trial, and the general grounds are not now considered.

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur. Felton, C. J., and Nichols, J., dissent.*

NICHOLS, Judge, dissenting. I dissent from the majority holding in this case for the following reasons: Special grounds 4 and 5 of the amended motion for new trial assign error on the trial court's refusal to allow a witness for condemnor, W. Lee Bradberry, to answer, on cross-examination, certain questions touching upon his participation, as appraiser, in certain other previous condemnation proceedings in Clarke County, Georgia. The plaintiffs in error contend in these two special grounds that the court's refusal to permit the witness to answer the questions referred to precluded them from showing bias and prejudice on the part of the witness in favor of the condemnors, and further that such testimony that the plaintiffs in error were seeking to elicit from the witness was impeaching in nature and going to the credibility of the witness. In order for this court to reverse the judgment of a lower court two things must affirmatively appear—error and injury. *Collier Co.* v. *Murphey,* 108 *Ga.* 777 (33 S. E. 641); *Brown* v. *City of Atlanta,* 66 *Ga.* 71, 76; *First National Bank of Chattanooga* v. *American Sugar Refining Co.,* 120 *Ga.* 717 (48 S. E. 326), and cases cited.

Assuming arguendo that had the witness been permitted to answer both the questions propounded upon cross-examination, the refusal of which by the trial court to permit the witness to answer is the basis for the assignment of error in these two special grounds 4 and 5, I fail to see how such would show any bias or prejudice on the part of the witness in favor of the condemnors, in the absence of proof that not only had the witness always represented the condemnors in condemnation cases, but further that his appraisals in the cases wherein he participated were so consistently out of line, and so much lower in estimated value than other appraisals involving the same property, as to justifiably arouse some suspicion in the minds of the jurors.

768

Counsel for the plaintiffs in error in his remarks to the trial court did not state that he intended to prove by his line of questioning that the witness Bradberry not only had always been appointed the assessor for the condemnors in every case in Clarke County, Georgia, except one as far back as 1949, but that also in each case Bradberry was the low appraiser. The mere fact that a witness has always represented condemnors in condemnation cases does not necessarily mean that his appraisals are tainted with bias or prejudice in favor of either party. Moreover, the very fact that counsel for the plaintiffs in error sought to elicit by his questions, namely that the witness had always represented the condemnors in condemnation cases was established by other competent testimony. There was ample testimony in the record elicited from the very same witness under cross-examination to show that time and time again he had represented condemnors, and there is not any evidence in the record to the effect that the witness had at any time represented a condemnee in a condemnation case. Accordingly I do not think these two special grounds are meritorious. Assuming, but not deciding that the trial court erred in not permitting the witness to answer the questions propounded, it was harmless error.

Special grounds 6 and 7 of the amended motion assign error on the court's refusal to allow counsel for the plaintiffs in error to interrogate the witness W. Lee Bradberry and Monroe Butler, witnesses for condemnor, concerning certain other condemnation transactions, the plaintiffs in error contending that such refusal amounted to an abridgment and denial of the right to a thorough and sifting cross-examination. The record in the case discloses that great latitude was given plaintiffs in error's counsel, particularly in the cross-examination of Bradberry, some six pages of the brief of evidence being devoted to the cross-examination of Bradberry and approximately one and one-half pages to the witness Monroe Butler.

As was said in *Clifton* v. *State*, 187 *Ga.* 502, 508 (2 S. E. 2d 102), " 'The right of cross-examination thorough and sifting shall belong to every party as to the witnesses called against him.' (Code § 38-1705). . . A substantial denial of this right is

good cause for the grant of a new trial. . . However, the scope of the cross-examination of a witness rests largely within the discretion of the judge." "The trial judge has a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a reviewing court unless it is abused." *Fouraker* v. *State*, 4 *Ga. App.* 692 (3) (62 S. E. 116); *Rogers* v. *State*, 18 *Ga. App.* 332 (89 S. E. 460); *Western & Atlantic R.* v. *Burnett*, 79 *Ga. App.* 530 (54 S. E. 2d 357) and cases cited therein. I do not think, under the facts in this case, that the trial court abused his discretion.

As for the general grounds the evidence adduced on the trial of the appeal showed the property to be worth from $18,492 to $30,684 while the total value, including "rent income" showed "just compensation" for the property to range from $19,970 to $37,184. The verdict finding "just compensation" $25,575 was well within the range of the evidence and was not without evidence to support it, and no question was presented on the appeal to the jury other than "just compensation for the property condemned." As was said by the Supreme Court in *Adler* v. *Adler*, 207 *Ga.* 394 (61 S. E. 2d 824), "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence, on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Canal Insurance Co.* v. *Winge Bros.*, 97 *Ga. App.* 782, 787 (104 S. E. 2d 525). See also *Halpern* v. *Strickland*, 98 *Ga. App.* 890, 891 (107 S. E. 2d 227). In my opinion the general grounds of the motion for new trial are accordingly without merit. Therefore I think the judgment of the trial court ought to be affirmed.

I am authorized to say that Chief Judge Felton concurs in this dissent.