## 10803.   POWELL v. THE STATE.

LUKE, J.   The evidence in this case demanded a finding of guilty, and the error complained of (if error it be) in the court's ruling that the defendant by his statement had put his character in issue was harmless.   It was not error to overrule the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 4, 1919.

Conviction of shooting at another; from Macon superior court— Judge Littlejohn.   June 30, 1919.

*John B. Guerry,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.

---

## 10805.   KELLEY v. THE STATE.

BROYLES, C. J.   1. The exceptions pendente lite can not be considered, as no error was assigned thereon, either in the main bill of exceptions or in this court by counsel for the plaintiff in error before the case was submitted.   *Jones* v. *Ragan,* 136 *Ga.* 653 (7), 655 (71 S. E. 1098).

2. It is well settled that the overruling of a demurrer to an indictment or accusation can not be a ground of a motion for a new trial.

3. The admission of the evidence complained of in the 5th ground of the motion for a new trial was not error for any reason assigned.

4. Under all the facts of the case, including the notes of the trial judge, it can not be said that the court erred in denying the several motions of the defendant to declare a mistrial, because of the various alleged improper and prejudicial remarks of the prosecuting solicitor during his argument to the jury.   Some of these alleged prejudicial remarks were proper and authorized by the evidence, and the court specifically instructed the jury that those remarks of the solicitor which were improper were not in the case and should not be considered by them.

5. While the charge of the court is subject to criticism in several particulars, none of its errors complained of requires a new trial.

6. The alleged newly discovered evidence is largely impeaching in its character, and is not such evidence as would probably produce a different result upon another trial of the case.

7. The rule that in a criminal case the defendant can not legally be convicted upon the uncorroborated testimony of an accomplice does not apply to misdemeanors.   The verdict was amply authorized by the evidence.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 4, 1919.

Accusation of misdemeanor; from city court of Greenville— Judge Revill.   July 9, 1919.

*N. F. Culpepper, McLaughlin & Jones,* for plaintiff in error.

*J. F. Hatchett, solicitor, M. Z. O'Neal,* contra.