### 14375. McLEOD *v.* THE STATE.

The alleged newly discovered evidence did not require the grant of a new trial.
The evidence authorized the verdict, and no error of law appears.
DECIDED MAY 15, 1923.

Conviction of manslaughter; from Telfair superior court — Judge Graham. February 9, 1923.

*C. W. Griffin, L. C. Harrell, W. B. Kent, W. S. Mann,* for plaintiff in error.

· *Alvin V. Sellers, solicitor-general pro tem., Eugene Talmadge,* contra.

BLOODWORTH, J. 1. It is insisted that a new trial should be granted in this case on account of alleged newly discovered evidence. When all the evidence, embodied in the brief thereof attached to the motion for a new trial, is considered, it is apparent that the witness who made affidavit to this newly discovered evidence did not see all that happened during the fight between defendant and deceased; that what he testified, even if true, is but a part of what happened, and is not inconsistent with the verdict rendered, and does not require the grant of a new trial. Moreover, in passing upon this ground of the motion, the judge had before him an affidavit in which it was stated that the reputation of Eugene Oliver, the person who swore to the affidavit containing the alleged newly discovered evidence, was " bad, and from said reputation deponent would not believe said Eugene Oliver on

oath." With this information before him, and in view of the following rulings, we will not say that the judge abused his discretion in overruling the motion for a new trial on this ground. "The newly discovered evidence is largely impeaching in its character, and is not such evidence as would probably produce a different result upon another trial of the case." *Kelley* v. *State,* 24 *Ga. App.* 345 (6) (100 S. E. 772). "Before a new trial should be granted upon alleged newly discovered evidence it should be such as, if believed, would probably produce a different verdict upon another trial, such evidence as would be ' decisive of the controversy.'" *Oglesbee* v. *State,* 25 *Ga. App.* 750 (*a*) (105 S. E. 51). "The discretion of a trial judge in refusing a new trial on the ground of newly discovered evidence will not be controlled unless manifestly abused. *Tilley* v. *Cox,* 119 *Ga.* 867, 872 (47 S. E. 219). Where a motion for a new trial is based upon alleged newly discovered evidence, and affidavits are introduced, sustaining and disputing this ground of the motion, '.the trial judge is the trior of the facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses. A reviewing court will not in any such case control his discretion as to the comparative credibility of the witnesses who testified in support of the motion and those who swore to the contrary.' *Fouraker* v. *State,* 4 *Ga. App.* 692 (62 S. E. 116)." *Hayes* v. *State,* 16 *Ga. App.* 334 (1) (85 S. E. 253).

2. Under the qualifying note of the judge who tried the case, there is no merit in the other special grounds of the motion for a new trial.

3. There is evidence to support the verdict, which has the approval of the trial judge, and no error of law appearing to have been committed, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*