### 23146. BAILEY v. THE STATE.

DECIDED NOVEMBER 20, 1933.

*A. M. Kelly, W. F. Lewis,* for plaintiff in error.

*Henry H. West, solicitor-general,* contra.

MacINTYRE, J. Cosby Bailey, was indicted for murder and convicted of voluntary manslaughter. The exception here is to the judgment overruling his motion for a new trial.

Special ground 1 is based upon newly discovered evidence. The several affidavits of Ponder Lawhorne, submitted in connection with this ground, allege facts which are merely cumulative in their nature, and disclose direct conflicts as to material matters. The affidavit of Lawhorne upon which the defendant particularly relies avers that the affiant was present at the time of the shooting. However, Lawhorne was summoned before the grand jury, and swore that he was not present when the crime was committed; and when not under oath, Lawhorne had stated to both counsel for the State and the defendant that he was not present at the time of the shooting, and that he knew nothing about it. Lawhorne undertook to explain these conflicts. In a motion for a new trial based upon newly discovered evidence, where there is a counter-showing by the State, the judge is the trior of the facts, and it is his province to determine the credibility of the facts and of contradictory witnesses, and his discretion in refusing a new trial on alleged newly discovered evidence will not be controlled unless manifestly abused. *Hayes* v. *State,* 16 *Ga. App.* 334 (85 S. E. 253), and cit. The granting of a new trial on the ground of newly discovered evidence is not favored by the courts. *Tilley* v. *Cox,* 119 *Ga.* 867 (47 S. E. 219). The affidavit of the only other witness for the movant sets forth facts which are merely cumulative in their nature, and, under section 1088 of the Penal Code (1910), such facts are not ground for a new trial.

Special ground 2 is obviously without merit; and the evidence supports the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*