## 23832. MOON *v.* THE STATE.

Decided March 29, 1934.

*Marvin A. Allison, John I. Kelley,* for plaintiff in error.
*Clifford Pratt, solicitor-general,* contra.

Guerry, J.   Only the ruling stated in the second headnote will be discussed.   The plaintiff in error was convicted of the offense of seduction.   Error is assigned on the charge set forth in the head-note.   It is insisted that by a plea of not guilty the burden was upon the State to prove every essential allegation, including the al-legation that the female was at the time of the seduction a virtuous female; that the effect of the charge was to deny to the defendant the presumption of innocence in his favor and to make him over-come a presumption that the female was virtuous at the time of the alleged act; that it relieves the State of the duty of establish-ing by proof an essential, material, and indispensable allegation of the indictment; that such presumption is arbitrary and unrea-sonable and is violative of the constitutional provision that "No person shall be deprived of life, liberty or property except by due process of law."

Under former rulings of the Supreme Court and of this court, we do not construe the charge to be subject to any of the criticisms urged.   Judge McCay, in the case of *Wood* v. *State,* 48 *Ga.* 192 (15 Am. R. 664), said:   "Again, it is charged as error that the court told the jury that if the girl had never before had carnal sexual intercourse with a man, she was a virtuous woman in the sense of the statute, and that the law presumed her to be such until it was otherwise proven.   I am disposed to agree with the judge as to the

presumption of law. It is true the law presumes the prisoner innocent until he is proven guilty; but it does *not* follow that, in making out this proof, *the State can use no presumptions*. (Italics ours.) The law will presume, for instance, that the prisoner is a sane man; it will presume malice from certain acts; it will presume that the sun rose and set, as it has always done; it will presume that witnesses tell the truth, unless something appears to the contrary. Indeed, as is well settled, one may be found guilty of even murder on proof of facts from which his guilt is presumed. *The natural, normal condition of an unmarried female is virtuous. If she be less than this, it is a fault, and it ought not to be presumed in any investigation."* (Italics ours.) Again, in *McTyier* v. *State*, 91 *Ga.* 254 (18 S. E. 140) it was said: "The presumption of the law is that a female alleged to have been seduced was virtuous, and the presumption remains until removed by the evidence. The jury should treat her as virtuous unless the evidence, direct or circumstantial, should satisfy them that she had lost her virtue by having illicit intercourse." See also *O'Neill* v. *State*, 85 *Ga.* 383 (11 S. E. 856); *Washington* v. *State*, 124 *Ga.* 423 (52 S. E. 910); *Woodard* v. *State*, 5 *Ga. App.* 447 (63 S. E. 573). This principle seems to be too well established to admit of any question.

It is insisted by counsel for the plaintiff in error that the case of Manley *v.* State, 279 U. S. 1 (49 Sup. Ct. 215, 73 L. ed. 575), is contrary to the decisions above cited, and that it is controlling in the present case. In that case the Supreme Court of the United States had under consideration section 28 of art. 20 of the Georgia banking act of 1919, which provided that "every insolvency of a bank shall be deemed fraudulent, and the president and directors shall be severally punished by imprisonment," etc. In that case there was a *presumption of guilt* against the accused, and the Supreme Court held that "The connection between the fact *proved* [that is, the insolvency of the bank] and that *presumed* [that is, that such insolvency was fraudulent] is not sufficient. Reasoning does not lead from one to the other." (Italics ours.) The court further said: "State legislation declaring that proof of *one fact* or a *group of facts* shall constitute prima facie evidence of the *main* or *ultimate* fact in issue *is valid* if there is a *rational connection* between what is *proved* and what is to be *inferred*. If the presumption is *not unreasonable* and is not made *conclusive* of the

rights of the person against whom raised, it does not constitute a denial of due process of law." (Italics ours.) There is a reasonable and logical connection between the fact that a person is an *unmarried female* and the fact that such person is virtuous. A presumption merely that a natural condition exists, which may be rebutted by proof, is in no sense a presumption of guilt against the accused. We do not think the Manley case, supra, is in conflict with the decisions cited, but believe it to be good authority for the law as here announced. It is fair to say that the law is just as jealous in raising a presumption in favor of the chastity of an unmarried female as it is in favor of a defendant. The presumption is not conclusive, but justice is owed to the female, as to the defendant. The counsel for plaintiff in error further urges that having admittedly lost her virtue, the presumption no longer remains that she was prior to that time a virtuous female. Such a construction is in the very teeth of the statute. The presumption itself is that such female shall be presumed what she naturally should be, that is, virtuous at the time she was seduced. Any other construction would do violence to the statute itself. Certainly the accused may not deprive a woman of her virtue and then say, because of *his own wrong,* the prior presumption of the law is *lost* to the woman. He may not profit by his own wrong. We are therefore of the opinion that the charge given was not erroneous. The request to review and overrule certain cases is denied. The disparity in the ages of the defendant and the prosecutrix might cause us to scan with greater care the charges made, but this was within the province of the jury, and, the trial judge having approved the verdict, this court will not interfere therewith.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*