### 24402. MOON v. THE STATE.

Decided April 8, 1935.

*Marvin A. Allison, John I. Kelley,* for plaintiff in error.
*Clifford Pratt, solicitor-general, Pemberton Cooley,* contra.

MacIntyre, J. Having been convicted of seduction, H. B. Moon made a motion for a new trial, based upon the usual general grounds and one special ground. In *Moon* v. *State,* 49 *Ga. App.* 9 (174 S. E. 176), this court held that the trial judge did not err in overruling the general grounds of the motion for a new trial, and affirmed the judgment of the lower court. The defendant then made an application to the Supreme Court for certiorari, and that court denied the certiorari. The defendant then made an extraordinary motion for a new trial, based upon newly discovered evidence. The same judge who tried the case overruled this motion, and the sole question presented by the record is whether or not his judgment was erroneous.

The alleged newly discovered evidence was in the form of certain salacious letters alleged to have been written by the alleged victim in the case to a young man other than the defendant. Upon the hearing, the defendant introduced two affidavits to the effect that said letters were in the handwriting of the alleged victim, and were written by her. The State introduced three counter-affidavits to the effect that said letters were not in the handwriting of the alleged victim, and were not written by her. The State also introduced the joint affidavit of two persons who deposed that the reputation of one of the parties deposing for the defendant was bad, and that they would not believe her on oath. Two other persons made a joint affidavit in behalf of the defendant to the effect that they, together with a third person, arbitrated a difference that arose between the family of the alleged victim and the family of the young man to whom it is contended said letters were written, and that said letters were "of a suggestive and improper nature" and had caused "ill feeling and disturbance . . in the community and between the families." In a subsequent joint affidavit the same two persons deposed in effect that they "did not act in the capacity of arbitrators, but in the capacity of friends to both sides;" that "there were no letters presented to them, and no request that they determine anything about who wrote the letters;" and that they wished to withdraw their former statement that "the contents of said letters" were "of a suggestive and improper nature," and their further statement that said letters caused ill-feeling in the community.

"An ordinary motion for a new trial will not be granted on the ground of newly discovered evidence, unless the evidence is of such a character as to probably change the result upon another trial. See *Jones* v. *State,* 117 *Ga.* 710 (44 S. E. 877). Ordinary motions for a new trial on the ground of newly discovered evidence are not favored, and extraordinary motions upon this ground are less favored." *Perry* v. *State,* 117 *Ga.* 719, 720 (45 S. E. 77).

In the case of *Brown* v. *State,* 141 *Ga.* 783, 785, 786 (82 S. E. 238), Justice Lumpkin, speaking for a united court, stated very forcefully the rule in ordinary motions for a new trial based upon newly discovered evidence, and cites many decisions to sustain that rule. After doing this, he said (p. 786) : "These rulings were made in cases where newly discovered evidence was made the

ground of a first motion for a new trial, and made in due time after the verdict. The rules announced apply with even greater force where one accused of crime has been regularly tried and convicted, and has made a motion for a new trial and failed to obtain it, and where the judgment has been affirmed by this court." "Where a ground of a motion for a new trial based on newly discovered evidence is filed, and a counter-showing is made, so that a conflict arises as to the material facts upon which the ground is based, a reviewing court will not, except in a case of manifest abuse of discretion, reverse the finding of the trial judge." *Fouraker* v. *State*, 4 *Ga. App.* 692 (62 S. E. 116); *Central of Ga. Ry. Co.* v. *Clark*, 15 *Ga. App.* 16, 19 (82 S. E. 600); *Abdallah* v. *State*, 20 *Ga. App.* 618 (2) (93 S. E. 260); *McLeod* v. *State*, 30 *Ga. App.* 273 (117 S. E. 659); *Atlanta Consolidated Street Ry. Co.* v. *McIntyre*, 103 *Ga.* 568 (2) (29 S. E. 766); *Hall* v. *State*, 141 *Ga.* 7, 9 (80 S. E. 307).

Applying the law to the facts of this case, we can not say that the court abused its discretion in overruling the extraordinary motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*