28615. LEE *v.* THE STATE.

DECIDED JANUARY 23, 1941.

*J. J. E. Anderson & Son,* for plaintiff in error.

*W. G. Neville, solicitor-general,* contra.

MACINTYRE, J. Harry Lee was convicted of simple larceny. While the case was pending in this court on appeal excepting to the overruling of the defendant's motion for new trial, the defendant made an extraordinary motion for new trial. The defendant's conviction was affirmed by this court on April 25, 1940. *Lee* v. *State, 62 Ga. App.* 556 (8 S. E. 2d, 706). The judge overruled the extraordinary motion for new trial on June 7, 1940, and the defendant excepted.

When this case was formerly before this court we held it was permissible in the indictment to describe the ownership of the alleged stolen hogs in Salter, a tenant in common (Code, §§ 85-1001, 85-1002), on the theory that he and Zetterower were both owners thereof and that Salter was in charge and control of the alleged stolen property and managed it. In other words, Salter was in the exclusive possession of the property and thus had a special ownership in the property, and an allegation of such ownership was sufficient to sustain an indictment for the theft of such property. The defendant is now excepting to the overruling of his extraordinary motion for new trial contending for a new trial on the ground that one of the jurors who sat on the trial of the case was related to Zetterower, one of the joint owners of the property alleged to have been stolen, within the prohibited degrees. The indictment alleged the ownership of the property in Kelly Salter alone, and there was evidence which would have authorized the jury to find either that the special ownership of the property was in Salter or that the constructive possession and legal title were in Salter and Zetterower as joint owners.

So far as we are aware, it is the practice of trial judges in cases of this character (unless waived) to inquire of the jurors if they are related either to the defendant, the prosecutor, or to any person or persons whose property is alleged to have been stolen, and if related within the prohibited degrees to have the juror retire at the time of the qualifying of the jury. The indictment (the pleading) did not allege any interest in Zetterower in the alleged stolen property, nor was it indicated to the court in any way that any one other than Salter had any interest in the alleged stolen property previous to or at the time of the qualifying of the jury and before the introduction of any evidence. Later in the trial, after the State had introduced its evidence and rested its case, the defendant, along with evidence to establish other defenses, introduced Zetterower in an endeavor to show that he had an interest in the property. This contention of the defendant arose out of the evidence alone, which evidence was introduced during the latter stage of the trial, and was not called to the attention of the court, nor was any proper and timely request made for the court to inquire of the jurors as to the relationship between the jurors and Zetterower, who was introduced as a witness by the defendant himself and as one of the persons interested in the alleged stolen property, which interest had not theretofore appeared.

"When a motion for new trial is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Code, § 70-205. The rule announced in this Code section applies to both ordinary motions for new trial on the ground of newly discovered evidence and to extraordinary motions for new trial on this ground. However, as here, the rules apply with greater force to extraordinary motions for new trial based on newly discovered evidence than to ordinary motions for new trial based on that same ground. *Moon* v. *State,* 51 *Ga. App.* 70 (179 S. E. 589) ; *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268). The burden is on the defendant to show the relationship in question and that neither he nor any of his counsel knew of it before the trial, and that the "same could not have been discovered by the exercise of ordinary diligence." The part of the affidavits of the defendant and his counsel relating to the

relationship of the juror to one of the joint owners of the property is that the ownership "was unknown to the deponent, and by the exercise of ordinary diligence could not have known of the relationship of the juror, and that he exercised such ordinary diligence within his power and possession to determine the correct relationship of the jurors." These affidavits were the only evidence introduced on the hearing of the extraordinary motion for new trial relating to the question of knowledge of relationship or use of diligence in the discovery thereof. Hence the evidence did not affirmatively show that the disqualification was unknown before the trial and before verdict. These affidavits were mere conclusions or opinions of the defendant and his counsel, and gave no facts on which the court could judge whether they had used due diligence or not, and whether the evidence could have been discovered or not by such diligence.

If the facts had been stated on which the defendant and his counsel based their conclusions, the court might have arrived at a different conclusion, and found that the facts did not authorize the conclusion of the affiant that due diligence had been used by the defendant and his counsel. If the conclusion (or, opinion if you please) of the defendant and his counsel that they had used due diligence was binding on the court, it would deprive the court of the right to determine for itself, and allow the defendant and his counsel to determine for it, whether the real facts of the case showed that the defendant and his counsel had in truth and in law exercised due diligence. The affidavits are not merely pleading but are the only evidence relative to knowledge of relationship upon which the extraordinary motion for new trial is based, and the evidence of the affiant (witness) should state facts and not mere conclusions, and from the facts thus sworn to the court draws its own conclusion. If the defendant or his counsel knew of the relationship, or by the exercise of ordinary diligence could have discovered it during the trial, they could not go on with the trial, take their chances on a verdict in defendant's behalf and then complain of a verdict against him. "Their affidavits should have affirmatively stated that they did not know of the evidence during the trial [that is, before verdict]; failing in this, they have no cause for a new trial on the ground of the alleged newly discovered evidence." *Collins* v. *State,* 153 *Ga.* 95, 103 (111 S. E. 733) ; *Hardin* v. *State,*

107 *Ga.* 718 (4) (33 S. E. 700) ; see also *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243). The evidence on the extraordinary motion for new trial (which the law does not favor) was insufficient to require a new trial. *Moore* v. *Farmers Mutual Insurance Asso.,* 107 *Ga.* 199, 209 (33 S. E. 65) ; *Central Railroad & Banking Co.* v. *Kent,* 87 *Ga.* 402 (2) (13 S. E. 502) ; *Taylor* v. *State,* 132 *Ga.* 235 (63 S. E. 1116) ; *Wright* v. *Smith,* 104 *Ga.* 174, 176 (30 S. E. 651) ; *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (3) (102 S. E. 425) ; *Collins* v. *State,* supra; *Edenfield* v. *Youmans,* 33 *Ga. App.* 430 (126 S. E. 908) ; *Douberly* v. *State,* 184 *Ga.* 573, 576 (192 S. E. 223) ; *Redding* v. *State,* 183 *Ga.* 704 (189 S. E. 514). The judgment of the trial judge is

 *Affirmed. Broyles, C. J., and Gardner, J., concur.*