## 30284. HARRELL v. THE STATE.

DECIDED JANUARY 21, 1944.

*Douglas F. Thomas,* for plaintiff in error.

*H. W. Nelson, solicitor-general,* contra.

MacIntyre, J. This was an extraordinary motion for a new trial, based on newly discovered evidence. The defendant introduced the affidavits of J. P. Farmer, Henry Spivey, and Charlie Metts in support of the motion. The State submitted counter-affidavits, which contradicted the affidavits of Spivey and Farmer as to their presence at the place where they swore they saw and heard the thing stated in their affidavits. If the counter-affidavits introduced by the State were true, the testimony of these two witnesses on another trial would have been of no value, or at most of such character as would not have changed the result upon another trial. *Morris* v. *State,* 177 *Ga.* 365, 366 (170 S. E. 217) ; *Moon* v. *State,* supra. In short, every material allegation sworn to in the affidavits of these two witnesses was contradicted by the counter-affidavits for the State. As to the affidavit of Charlie Metts, the State's counter-affidavits were to the effect that he was drunk, and that all the material matters stated in his affidavit were untrue. "Motions for a new trial, based on newly discovered evidence, are addressed largely to the discretion of the trial judge ; and this court will not reverse his decision refusing a new trial on such ground, unless it is abused." *Hall* v. *State,* 141 *Ga.* 7 (3) (80 S. E. 307). In the instant case, the motion for a new trial is based on alleged newly discovered evidence, and affidavits were introduced sustaining and disputing the ground of the motion. The trial judge is the trior of the disputed facts, and it is his province to determine the credibility of the conflicting facts and contradictory witnesses, and in

the present case he seems to have believed the statements in the affidavits introduced by the State in preference to the statements in those introduced by the defendant. His discretion in refusing a new trial on the alleged newly discovered evidence will not be controlled, unless manifestly abused. No such abuse of discretion appears in this case. *Bailey v. State*, 47 *Ga. App.* 856 (171 S. E. 874) ; *Hall v. State*, supra.

The judge did not err in overruling the extraordinary motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*