31616.   SALTER *v.* THE STATE.

DECIDED SEPTEMBER 3, 1947.   REHEARING DENIED DECEMBER 1, 1947.

*Alfred Herrington,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

MACINTYRE, P. J.   R. C. Salter was indicted and tried for the offense of murder; the jury returned a verdict of guilty of voluntary manslaughter, and the defendant filed a motion for new trial based on the general and five special grounds. The trial judge overruled this motion, and the defendant excepted. This court affirmed the judgment of the trial court. *Salter* v. *State,* 74 *Ga. App.* 608 (40 S. E. 2d, 586).

The defendant thereafter made an extraordinary motion for a new trial, based on newly discovered evidence, which was overruled by the same judge who tried the case, and the de-

fendant excepted. This exception forms the basis of the present review, and the only question presented is whether or not the judgment of the trial judge was erroneous.

The defendant introduced the affidavit of one Carl E. Moore in which it is alleged that on the day of the homicide, the deceased, in proximity to the scene of the crime, made the following statement to the affiant: "Have you seen anything of R. C. Salter [defendant]?" Moore replied, "No, I have not." The deceased then said: "If I run in with him I am going to beat his brains out with this." It is alleged further that during this conversation the deceased was holding in his right hand a piece of rope to which an iron bolt of about one-half pound was attached, and that periodically the deceased would demonstrate the manner in which he intended to use the weapon to accomplish his purpose.

The defendant contends that a new trial should be granted because of the newly discovered evidence.

"Ordinary motions for new trial on the ground of newly discovered evidence are not favored, and extraordinary motions upon this ground are less favored." *Perry* v. *State,* 117 *Ga.* 719, 720 (45 S. E. 77). See, in this connection, *Moon* v. *State,* 51 *Ga. App.* 70 (179 S. E. 589); *Harrell* v. *State,* 70 *Ga. App.* 521 (28 S. E. 2d, 821).

"The rule is that a threat made by the deceased against the defendant, uncommunicated before the homicide, is not admissible on the trial of a case involving the question whether or not the slayer was justified in taking the life of the deceased, unless there is evidence tending to show that the deceased began the mortal conflict, and that the defendant killed in self-defense." *Johnson* v. *State,* 192 *Ga.* 571, 577 (15 S. E. 2d, 786). For a review of the previous cases, see *Warrick* v. *State,* 125 *Ga.* 133 (53 S. E. 1027).

In his brief counsel for the defendant states: "The probative value of the newly discovered evidence is that the motive of the deceased was malicious and the exercise of the weapon was for the purpose and of such force which corroborates the defendant's statement as no other evidence does, that it was necessary to defend himself as he did. . . The evidence in the case, other than the defendant's statement, hardly shows, of itself, more

than the act of the deceased was a trespass, hence the killing was manslaughter as found by the jury; besides it fails to show who was the assailant. But the defendant's statement claims the *design* of the deceased was to do more than commit a trespass, and he, the deceased, was the assailant."

In *Vaughn* v. *State*, 88 *Ga.* 731 (2) (16 S. E. 64), it is said: "In making his statement to the jury, as provided for by statute, the prisoner not being sworn as a witness, nor subject to cross-examination, nor restricted by the rules of evidence, he cannot lay the foundation for introducing evidence in his favor that would otherwise be inadmissible. Hence, uncommunicated threats will not be received unless they are relevant and competent unaided by the contents of the statement."

Except for the statement of the defendant, the record does not disclose that the deceased began the mortal conflict, and the defendant killed in self-defense; therefore, under the rule announced in *Johnson* v. *State*, supra, the newly discovered evidence would not have been admissible for the purpose of showing that the defendant was justified in taking the life of the deceased, and did not require the grant of a new trial. See, in this connection, *Peterson* v. *State*, 50 *Ga.* 142.

Moreover, the ground of the extraordinary motion for a new trial was newly discovered evidence. The affidavit of the defendant and his counsel seeking to show diligence merely stated that neither of them knew of the existence of the alleged newly discovered evidence (an uncommunicated threat) set out in the extraordinary motion for a new trial and that the same could not have been discovered by the exercise of ordinary diligence. This brings the instant case relative to the exercise of diligence within the rule laid down in *Wheeler* v. *Salinger*, 33 *Ga. App.* 300 (9) (125 S. E. 888). See also, *Trammell* v. *Shirley*, 38 *Ga. App.* 710 (145 S. E. 486); *Lee* v. *State*, 64 *Ga. App.* 290, 292, 293 (13 S. E. 2d, 79); *Taylor* v. *State*, 132 *Ga.* 235, 237 (63 S. E. 1116).

The showing here on the extraordinary motion for a new trial because of newly discovered evidence was insufficient to require a new trial, and the court did not err in overruling such extraordinary motion.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*